[Crim. No. 18571. First Dist., Div. Three. June 25, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM CHESTER HAYTON, Defendant and Appellant.

414

---

COUNSEL

Phillip H. Cherney, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Herbert F. Wilkinson and Ina Levin Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WHITE, P. J.**—Defendant and appellant William Hayton appeals from a judgment entered after he pleaded guilty. Appellant contends on appeal that (1) the delay in filing the complaint denied him due process of law and the delay in his arrest denied him his right to speedy trial; and (2) he was not brought to trial within the time specified in Penal Code section 1382. We have determined that these issues are not cognizable on appeal after a defendant has pleaded guilty and therefore the appeal is dismissed.

On November 21, 1977, a complaint was filed in the Municipal Court of the County of Santa Clara, charging appellant with a violation of Health and Safety Code section 11379 (sale of methamphetamine). It is alleged that the violation occurred on August 3, 1977. After a preliminary hearing appellant was held to answer.

On March 6, 1978, appellant moved to dismiss the action on the ground that he had been denied his right to speedy trial. On March 13, 1978, when this motion was to be heard, his attorney stated a conflict of interest existed. On March 29, 1978, the court found a conflict did exist. On April 7, 1978, Gary Smith was appointed to represent appellant and the matter was set for trial on April 17, 1978. The matter was on trailing status until May 1, 1978, when appellant's speedy trial and due process motions were heard. The motions were denied. Appellant pleaded guilty on May 3, 1978, and his two prior convictions were stricken.

### Issues Cognizable on Appeal

The People contend that appellant is precluded from challenging the delays that occurred prior to his arrest and before the complaint was filed and the failure to bring him to trial within the time specified in Penal Code section 1382, because he did not obtain a certificate of probable cause as required by Penal Code section 1237.5.[1] Appellant contends that the cases demonstrate that strict compliance with the rule is not necessary where grave injustice would result.

---

[1] Penal Code section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

Appellant's point is well taken. ▮ A certificate of probable cause is not necessarily a condition precedent to an appeal from a judgment of conviction upon a plea of guilty. (*People* v. *Herrera* (1967) 66 Cal.2d 664, 665 [58 Cal.Rptr. 319, 426 P.2d 887]; *People* v. *Chen* (1974) 37 Cal.App.3d 1046, 1048 [112 Cal.Rptr. 894], disapproved on other grounds in *People* v. *Jimenez* (1978) 21 Cal.3d 595, 608 [147 Cal.Rptr. 172, 580 P.2d 672]; *People* v. *McMillan* (1971) 15 Cal.App.3d 576, 578-579 [93 Cal.Rptr. 296]; *People* v. *Davis* (1967) 255 Cal.App.2d 907 [64 Cal.Rptr. 1].) The crucial question then becomes, even if appellant had obtained a certificate of probable cause, may the issues presented in the instant case be considered?

▮ Issues cognizable on an appeal following a guilty plea are limited to issues based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea. (Pen. Code, § 1237.5.) The reason for this rule is that "a plea of guilty admits all matters essential to the conviction." (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].) ▮ Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028].) ▮ ▮ Therefore, section 1237.5 of the Penal Code does not expand the grounds upon which an appeal may be taken after a guilty plea, but "merely establishes a procedure for screening out frivolous claims among these issues which have not been waived." (*People* v. *Kaanehe, supra,* at p. 9.)[2]

▮ Although section 1237.5, subdivision (a) provides that the issues raised on an appeal after a guilty plea may be "constitutional, jurisdictional, or other grounds going to the legality of the proceedings," the cases discussing this section make it clear that the constitutional issues raised must go to the legality of the proceedings. "Other than search and seizure issues which are specifically made reviewable by section 1538.5, subdivision (m), all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings."[3] (*People* v. *Kaanehe, supra,* at p. 9.) "[I]t has been stated as

[2]A trial court should deny a certificate of probable cause if the appeal is clearly frivolous and vexatious and should execute the certificate if an honest difference of opinion could exist on the merits of the appeal. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63, fn. 4 [92 Cal.Rptr. 692, 480 P.2d 308].)

[3]A defendant may also raise grounds occurring *after* the entry of a guilty plea which do not challenge the validity of the plea (i.e., sentencing) and need not obtain a certificate of probable cause. (Cal. Rules of Court, rule 31(d); *People* v. *Kaanehe, supra,* 19 Cal.3d 1, 8.)

a general principle that the 'judgment entered on the plea of guilty is not appealable on the merits' and irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed." (*People* v. *Laudermilk* (1967) 67 Cal.2d 272, 281-282 [61 Cal.Rptr. 644, 431 P.2d 228], cert. den., 393 U.S. 861 [21 L.Ed.2d 128, 89 S.Ct. 139]; *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 821 [86 Cal.Rptr. 894], cert. den., 400 U.S. 1022 [27 L.Ed.2d 634, 91 S.Ct. 587].) Thus, in *Warburton*, where the defendant had entered a plea of nolo contendere, the Court of Appeal refused to examine his contention that the evidence before the grand jury was insufficient to hold him to answer. The court stated: "Insufficiency of the evidence before the grand jury or at the preliminary examination is 'jurisdictional' in the special procedural sense that the ruling of the trial court may be reviewed by writ of prohibition under Penal Code section 999a. [Citation.] But the defect is not jurisdictional in the fundamental sense, because . . . it is subject to waiver." (*People* v. *Warburton, supra,* 7 Cal.App.3d at p. 821.)

In *People* v. *Ribero, supra,* 4 Cal.3d 55, 63, the California Supreme Court discussed the types of issues which may be considered on an appeal from a judgment entered after a defendant has pleaded guilty: "insanity at the time of the plea [citation], ineffective waiver of constitutional rights [citation], ineffective assistance of counsel [citation], a plea obtained by misrepresentation [citation], or other abuse of discretion in denying a motion to withdraw a guilty plea." The appellate courts have found themselves without jurisdiction, in cases involving appeals from judgments entered after guilty pleas, to consider issues such as the voluntariness of defendant's extrajudicial statement (when it is not the product of an allegedly unlawful search or seizure) (*People* v. *DeVaughn, supra,* 18 Cal.3d 889, 896), the trial court's refusal to postpone the trial (*People* v. *Kaanehe, supra,* 19 Cal.3d 1, 9), the trial court's denial of the motion to disclose the identity of the informant (*People* v. *Barkins* (1978) 81 Cal.App.3d 30, 33 [145 Cal.Rptr. 926]; *People* v. *Castro* (1974) 42 Cal.App.3d 960, 965 [117 Cal.Rptr. 295]), the sufficiency of evidence before the grand jury (*People* v. *Meals* (1975) 49 Cal.App.3d 702, 706-707 [122 Cal.Rptr. 585]), and the fairness of a pretrial lineup (*People* v. *Stearns* (1973) 35 Cal.App.3d 304, 306 [110 Cal.Rptr. 711]).

In *People* v. *Hocking* (1956) 140 Cal.App.2d 778 [296 P.2d 59], defendant appealed from a judgment entered after he pleaded guilty and contended that he was denied his right to a speedy trial as guaranteed by article I, section 13 (now § 15) of the California Constitution and section 1382 of the Penal Code. The court in *Hocking* stated that the defendant

waived his right to raise speedy trial issues on appeal when he pleaded guilty. (*Id.,* at p. 780.) We agree. It is clear that the statutory right to be tried within 60 days is not a constitutional issue that goes to the legality of the proceedings. (*Townsend* v. *Superior. Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619].) If an action is dismissed for failure to bring a defendant to trial within the time specified in section 1382, another action may be commenced against the defendant. (Pen. Code, §§ 1387, 1388.) Although the constitutional right to speedy trial is fundamental (*Townsend* v. *Superior Court, supra,* at p. 781), we conclude that a defendant may not raise the issue on appeal after he has pleaded guilty. In order to explain our conclusion, it is necessary to look at the constitutional right to a speedy trial.

Article I, section 15 of the California Constitution, speaks in terms of the right of the "defendant" to a speedy trial. The California Supreme Court has declared that the right to a speedy trial attaches upon the filing of the complaint. (*Scherling* v. *Superior Court* (1978) 22 Cal.3d 493, 504 [149 Cal.Rptr. 597, 585 P.2d 219].)[4] The right to a speedy trial following the filing of an indictment or information and the time limitations applicable thereto are set forth in Penal Code section 1382 and a violation of these time limitations is presumed to be prejudicial. However, "[a] violation at a prior stage depends upon a balancing of the prejudicial effect of the delay and the justification therefor." (*Scherling* v. *Superior Court, supra,* at p. 504.)

In California a delay which occurs after the commission of the crime and before the filing of the complaint does not raise a speedy trial issue. Rather, the question regarding such delay is whether it deprived appellant of due process of law. (*Scherling* v. *Superior Court, supra,* at p. 505.) If the delay occurs after the complaint is filed and before arrest a speedy trial issue is raised. Whether the delay in these two circumstances raises a speedy trial or due process issue, the same approach is taken, " 'namely, balancing the effect of the delay on the defendant against any justification for the delay.' " (*People* v. *Bradford* (1976) 17 Cal.3d 8, 18 [130 Cal.Rptr. 129, 549 P.2d 1225].)

---

[4]The Sixth Amendment to the United States Constitution provides that "the accused shall enjoy the right to a speedy and public trial . . . ." The United States Supreme Court has interpreted the word "accused" to mean one who is either arrested or charged by indictment or information. (*United States* v. *Marion* (1971) 404 U.S. 307, 313, 320-321, 325 [30 L.Ed.2d 468, 474, 478-479, 481, 92 S.Ct. 455].) A delay prior to accusation is governed by due process principles. (*Id.,* at p. 324 [30 L.Ed.2d at pp. 480-481].)

Appellant in the instant case is challenging (1) the delay before the complaint was filed and (2) the delay between the time the complaint was filed and the time he was arrested. Accordingly, appellant is arguing that he has been deprived of his right to a speedy trial and his right to due process of law. Whether a pretrial delay raises a speedy trial issue or a due process issue is unimportant for our purposes. In either situation the issue must be resolved by balancing the prejudicial effect of the delay and the justification therefor.

The essence of a defendant's speedy trial or due process claim in the usual case is that the passage of time has frustrated his ability to establish his innocence.[5] The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined.

Where the defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established. Therefore, the issues raised by appellant are not cognizable on an appeal from a judgment entered upon a guilty plea.

The appeal is dismissed.

Feinberg, J., and Halvonik, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 22, 1979.

---

[5]Appellant contends that he was prejudiced by the delays in the instant case because of his inability to recall the events of the day when the crime occurred.