[Crim. No. 19267. First Dist., Div. Four. May 6, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RUTH DRAUGHON, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and David R. Lipson, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

CHRISTIAN, J.—Ruth Draughon appeals from a suspended judgment which was imposed after she pleaded guilty to forgery and uttering (Pen. Code, § 470) and grand theft (Pen. Code, § 487). The pleas were entered pursuant to a bargain which called for dismissal of certain other counts and preservation for appellate review of a speedy trial point that had been the basis for an unsuccessful motion for dismissal of the action. The other counts were accordingly dismissed and the court issued a certification of probable cause for appeal (Pen. Code, § 1237.5).

Penal Code section 1237.5 precludes a defendant from taking an appeal from a judgment of conviction upon a plea of guilty unless the defendant files with the trial court a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the court issues a certificate of probable cause for the appeal. Here the trial court did issue a certificate of probable cause. Thus the question is presented whether appellant's showing in support of the certificate amounted to "constitutional, jurisdictional, or other grounds going to the legality of the proceedings." ■ This limit on the taking of an appeal is jurisdictional (*People* v. *Hayton* (1979) 95 Cal.App.3d 413, 417 [156 Cal.Rptr. 426]; cf. Code Civ. Proc., § 904.1), and thus operates even if a certificate of probable cause to appeal has been obtained.

The court in *People* v. *Hayton, supra,* held that the statutory right to be tried within 60 days after the filing of an indictment (Pen. Code, § 1382), as distinguished from the constitutional speedy trial right guaranteed by article I, section 15, of the California Constitution, does not go to the legality of the proceedings within the meaning of section 1237.5. ■ Appellant contends that *Hayton* was decided incorrectly. We reject that contention (see *People* v. *Johnson* (1980) 26 Cal.3d 557, 566 [162 Cal.Rptr. 431, 606 P.2d 738], narrowing but giving continued effect to *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619], upon which *Hayton* was based) and hold

that the statutory speedy trial point is not accessible to review in the present appeal. ■ Appellant waived review of the constitutional speedy trial point by failing to raise it when she moved for dismissal of the action. ■ Since the negotiated disposition cannot be given effect, it is necessary to restore the case to the status it occupied before the illusory bargain. (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].)

The judgment is reversed with directions to vacate the pleas of guilty, reinstate the counts that were dismissed pursuant to plea bargain, and rearraign appellant for plea on all counts.

Rattigan, Acting P. J., and Poché, J., concurred.