148 Cal.App.3d 807 (1983)
196 Cal. Rptr. 286
STEVEN JACK AVILA, Plaintiff and Appellant,
v.
THE MUNICIPAL COURT FOR THE RIO HONDO JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.
Docket No. 68698.
Court of Appeals of California, Second District, Division One.
November 8, 1983.
*809 COUNSEL
Rolf M. Treu, under appointment by the Court of Appeal, for Plaintiff and Appellant.
No appearance for Defendant and Respondent.
Robert H. Philibosian, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest and Respondent.
OPINION
DALSIMER, J.
Plaintiff, Steven Jack Avila, appeals from a superior court judgment denying a peremptory writ of prohibition. Plaintiff's sole claim in the writ and this appeal is that the municipal court violated his Penal Code section 1382 speedy trial rights by setting the cause for trial after the statutory period ended without establishing good cause for the delay. Because of procedural infirmities in the instant appeal, we do not reach the merits of plaintiff's speedy trial claim.
On January 27, 1982, plaintiff was charged in municipal court with violations of Vehicle Code section 23152, subdivisions (a) and (b). On March 11, 1982, he pleaded not guilty, and trial was scheduled for May 10, 1982. On May 10, 1982, the case was called and trailed to the following day. It continued to be trailed day by day until Thursday, May 20, 1982. On that day, the tenth since the case had been first called for trial, the case was transferred to a trial judge for trial. Plaintiff filed a peremptory challenge under Code of Civil Procedure section 170.6 against that trial judge. The case was transferred back to the original courtroom. When the case was called there, plaintiff refused to stipulate that the trial take place before an available commissioner. The court ruled over Avila's objection that the peremptory challenge to one judge and the refusal to stipulate to having a commissioner conduct the trial constituted good cause to trail the case over to Monday, May 24, 1982. There is nothing in the record to indicate why the case was not trailed to Friday, May 21, 1982.
*810 On May 24, 1982, when the matter was called, plaintiff moved to dismiss the action against him pursuant to Penal Code section 1382. The motion was denied. The court again ruled that the Code of Civil Procedure section 170.6 challenge and the refusal to stipulate to a commissioner constituted good cause to trail the matter two working days beyond the 10-day statutory period.
Plaintiff's challenge to this decision by a petition for writ of prohibition was denied by the superior court, and the present appeal ensued.
The trial in the municipal court was continued on several occasions to allow time for this court's decision.
On May 16, 1983, after we had denied plaintiff's petition for writ of supersedeas and refused to stay the municipal court proceedings, plaintiff pleaded nolo contendere to a reduced charge of violating Vehicle Code section 23103 (reckless driving).
On July 25, 1983, real party in interest moved this court to dismiss the instant appeal upon the grounds that the judgment of conviction in the underlying criminal action made the appeal moot and that the judgment appealed from is not appealable. In his opposition to the People's motion, plaintiff asked this court to exercise its discretion to consider this appeal a petition for a writ of mandamus. We denied the motion to dismiss.
The procedural complexities of the instant appeal defy simple solution. We are asked to decide whether the superior court should have granted a pretrial writ of prohibition. (1) A writ of prohibition is preventive, not corrective. (Lambert v. Municipal Court (1960) 179 Cal. App.2d 682, 683 [3 Cal. Rptr. 894].) However, because of the intervening judgment of conviction against plaintiff, there is nothing left in municipal court to prevent.
The procedure by which plaintiff took this appeal raises additional problems. The provision in Code of Civil Procedure section 904.1 that established the right of a misdemeanor defendant to appeal to this court from a superior court's denial of a writ directed at the municipal court was a highly criticized "loophole" (e.g., Gilbert v. Municipal Court (1977) 73 Cal. App.3d 723, 728-734 [140 Cal. Rptr. 897]; Burrus v. Municipal Court (1973) 36 Cal. App.3d 233, 238-239 [111 Cal. Rptr. 539]) that provided more stages of review for misdemeanor defendants than for felony defendants. The Legislature eliminated this type of appeal by amending Code of Civil Procedure section 904.1, subdivision (a)(4), effective January 1, 1983. (Stats. 1982, ch. 931, § 1, p. 3387.) This amendment has been held to be retroactive. (Andrus v. Municipal Court (1983) 143 Cal. App.3d 1041, *811 1045, 1049 [192 Cal. Rptr. 341].) Andrus holds that appeals pending on January 1, 1983, should be treated as petitions for extraordinary relief and suggests that the petitions should be denied if the petitioner has an adequate remedy via postconviction appeal. (Id., at p. 1049 & fn. 7.) The consistent thrust of the series of decisions culminating in Andrus which discuss this procedural "loophole" is that the preferable forum is generally the appellate department of the superior court on postconviction review.
Simple dismissal of this appeal (either because a writ of prohibition no longer lies or because of the repeal of statutory authority for this appeal) would operate unfairly against plaintiff. He undertook this appeal under the express authority of Code of Civil Procedure section 904.1. (See Bloom v. Municipal Court (1976) 16 Cal.3d 71, 75 [127 Cal. Rptr. 317, 545 P.2d 229]; Andrus v. Municipal Court, supra, 143 Cal. App.3d 1041, 1045.) (2) Although postconviction appeals are generally preferable to appeals of denials of pretrial petitions for writs (see, e.g., Burrus v. Municipal Court, supra, 36 Cal. App.3d 233, 238-239), a petition for a pretrial writ is the preferred method to address a speedy trial claim. (People v. Wilson (1963) 60 Cal.2d 139, 149-150 [32 Cal. Rptr. 44, 383 P.2d 452].) Plaintiff sought to resolve his speedy trial claim without going to trial. He pleaded nolo contendere only after the municipal court and this court refused to delay the trial proceedings any longer. The fact that plaintiff now presses a pretrial petition for writ after his conviction is more a result of the idiosyncratic nature of this type of appeal (authorized by statute but without any automatic stay of trial court proceedings) than any fault of plaintiff.
We recognize also that plaintiff had three legitimate reasons for not undertaking a direct appeal from conviction on the same speedy trial issue. First, such an appeal to the appellate department of the superior court would have been completely duplicative of this pending appeal. (See Gilbert v. Municipal Court, supra, 73 Cal. App.3d 723, 731.) Second, as pointed out in Gilbert (ibid.), a direct appeal would have removed all jurisdiction over the case from the municipal court, complicating this appeal still further. Finally, plaintiff could not be sure that his speedy trial claim would have been cognizable on appeal following his plea of nolo contendere.
(3a) Plaintiff should not be penalized for choosing the route of appealing denial of a pretrial writ over the route of a postconviction appeal in the face of unanimous authority that a violation of Penal Code section 1382 is not cognizable on appeal from a felony conviction following a plea of guilty or nolo contendere. (E.g., People v. Draughon (1980) 105 Cal. App.3d 471, 473-474 [164 Cal. Rptr. 440]; People v. Lee (1980) 100 Cal. App.3d 715, 717-718 [161 Cal. Rptr. 162]; People v. Hayton (1979) 95 Cal. App.3d 413 *812 [156 Cal. Rptr. 426].) Although plaintiff was convicted on his plea of nolo contendere to a misdemeanor, not a felony, no authority to appeal that conviction existed.
(4) We hold that denial of the statutory right to a speedy trial (Pen. Code, § 1382) is a cognizable issue on appeal from a judgment of conviction following a plea of guilty or nolo contendere to a misdemeanor. The cases holding that a violation of Penal Code section 1382 is not cognizable on appeal did not concern misdemeanor convictions (e.g., People v. Draughon, supra, 105 Cal. App.3d 471; People v. Lee, supra, 100 Cal. App.3d 715; People v. Hayton, supra, 95 Cal. App.3d 413) and should be limited to felony convictions.
(5) Reversal of a felony conviction on appeal because of a speedy trial error requires a showing of prejudice. (E.g., People v. Johnson (1980) 26 Cal.3d 557, 574 [162 Cal. Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; People v. Wilson, supra, 60 Cal.2d 139, 151-152.) A speedy trial issue is not cognizable on appeal from a felony conviction because the plea of guilty or nolo contendere precludes any showing of prejudice. The Hayton court explained that: "The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined. [¶] Where the defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established." (People v. Hayton, supra, 95 Cal. App.3d 413, 419, quoted in People v. Lee, supra, 100 Cal. App.3d 715, 717.)
The impact of a Penal Code section 1382 violation on the prosecution of a misdemeanor is, however, quite different. When a felony is dismissed pursuant to section 1382, the prosecution may refile the same charge. Once a misdemeanor has been dismissed pursuant to section 1382, it cannot be filed again. This distinction leads to a different standard of appellate review of speedy trial issues for misdemeanors; a section 1382 error requires reversal and dismissal of a misdemeanor conviction without any showing of prejudice (In re Smiley (1967) 66 Cal.2d 606, 632 [58 Cal. Rptr. 579, 427 P.2d 179]; Pickett v. Municipal Court (1970) 12 Cal. App.3d 1158, 1162 [91 Cal. Rptr. 315]) and has nothing to do with guilt or innocence. Thus, the rationale for the holding that a speedy trial issue is not cognizable following a guilty plea simply does not apply to a misdemeanor conviction.
A further distinction between misdemeanors and felonies is that, while Penal Code section 1237.5 limits cognizable issues on appeal following a plea of guilty or nolo contendere to a felony, there is no equivalent misdemeanor statute. (See People v. Woods (1978) 84 Cal. App.3d 149, 154 [148 *813 Cal. Rptr. 312].) Since violation of Penal Code section 1382 requires dismissal of the action without any showing of prejudice in misdemeanor guilty plea appeals, even assuming arguendo that a limitation similar to "grounds going to the legality of the proceedings" (Pen. Code, § 1237.5) is implied for such appeals, this error goes to the legality of the proceedings. (Cf. People v. Cella (1981) 114 Cal. App.3d 905, 915, fn. 5 [170 Cal. Rptr. 915]; People v. Reyes (1979) 98 Cal. App.3d 524, 532 [159 Cal. Rptr. 572] [failure to dismiss pursuant to Pen. Code, § 1389, art. IV(e) of the Interstate Agreement on Detainers is cognizable issue following a guilty plea].)
(3b) By our ruling, plaintiff would have an adequate remedy via postconviction appeal if the time for filing a notice of appeal had not already passed. Therefore, in order to give him the benefit of our holding and put him in the appellate forum that the courts and the Legislature have chosen, we treat this appeal as a petition for a writ of mandate for extension of time in which to file a notice of appeal from the municipal court judgment. (6) This court has the power to "mandate the processing of apparently late appeals under proper circumstances." (Castro v. Superior Court (1974) 40 Cal. App.3d 614, 619 [115 Cal. Rptr. 312]; cf. People v. Leftwich (1979) 97 Cal. App.3d Supp. 6, 9 [158 Cal. Rptr. 758] [attempted appeal based on invalid notice of appeal treated as motion to allow late filing of notice of appeal].)
This appeal is dismissed. Let a peremptory writ of mandate issue directing the Clerk of the Municipal Court for the Rio Hondo Judicial District to allow 30 days from the finality of this opinion for the filing of a notice of appeal from the judgment of conviction in the Rio Hondo Municipal Court case entitled People v. Steven Jack Avila, No. M053506.
Spencer, P.J., and Hubbell, J.,[*] concurred.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.