[No. A045410. First Dist., Div. Four. Mar. 12, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ADELE N. STITTSWORTH, Defendant and Appellant.

COUNSEL

William D. Farber for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PERLEY, J.**—In this case we hold that a misdemeanor conviction may not be appealed on statutory speedy trial grounds where the defendant is originally held to answer on felony charges, and then pleads no contest to a misdemeanor in return for dismissal of the felonies pursuant to a plea bargain.

## I. Facts

On March 24, 1986, appellant was held to answer in the superior court for the felonies of arson, insurance fraud and criminal conspiracy. Due to an apparent clerical error, the information was not filed until April 10, 1986, two days beyond the fifteen-day deadline specified in Penal Code section 1382, subdivision (a).[1] The trial court denied appellant's motion to dismiss based on the untimely information, she unsuccessfully sought review of the ruling by way of petition for writ of mandate or prohibition to the Court of Appeal, and the Supreme Court declined to grant review.

On May 17, 1988, after extended pretrial proceedings, appellant entered a negotiated plea of nolo contendere to an added charge of misdemeanor accessory after the fact (§ 32) in return for dismissal of the felony counts. The plea bargain did not include preservation of any right to appeal on speedy trial grounds. Appellant was found guilty of the misdemeanor, imposition of sentence was suspended and probation was granted, conditioned inter alia on service of 90 days in county jail. She now seeks to overturn the judgment on the basis of the untimely information.

## II. Discussion

In *People* v. *Draughon* (1980) 105 Cal.App.3d 471, 473-474 [164 Cal.Rptr. 440], this court held that a defendant may not raise statutory speedy trial error on appeal after pleading guilty to a felony. Other Courts of Appeal have also concluded that speedy trial rights are waived by guilty pleas in felony cases. (See *People* v. *Lee* (1980) 100 Cal.App.3d 715, 717-718 [161 Cal.Rptr. 162]; and *People* v. *Hayton* (1979) 95 Cal.App.3d 413, 418-419 [156 Cal.Rptr. 426] [citing *People* v. *Hocking* (1956) 140 Cal.App.2d 778, 780 296 P.2d 59].)

*Draughon, Lee,* and *Hayton* all reasoned that speedy trial error does not " 'go . . . to the legality of the proceedings' " under section 1237.5, which limits the grounds for appeal from judgments of conviction in superior courts following pleas of guilty or nolo contendere. (*Draughon, supra,* 105 Cal.App.3d at p. 473; *Lee, supra,* 100 Cal.App.3d at p. 717; *Hayton, supra,* 95 Cal.App.3d at p. 418.) *Hayton* noted, in the context of a felony conviction, that "[i]f an action is dismissed for failure to bring a defendant to trial within the time specified in section 1382, another action may be commenced against the defendant. (Pen. Code, §§ 1387, 1388.)" (*Ibid.*) The *Hayton* court also observed that: "The essence of a defendant's speedy trial or due process claim in the usual case is that the passage of time has frustrated his

---

[1] All further statutory references are to the Penal Code.

ability to establish his innocence. The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined. [¶] Where the defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established." (*Id.*, at p. 419, fn. omitted.)

*Avila* v. *Municipal Court* (1983) 148 Cal.App.3d 807, 812 [196 Cal.Rptr. 286], distinguished *Draughon, Lee,* and *Hayton,* and concluded that statutory speedy trial error is cognizable on appeal from a misdemeanor conviction on a guilty plea. *Avila* noted that such error is deemed "automatically prejudicial" in misdemeanor cases (*In re Smiley* (1967) 66 Cal.2d 606, 632 [58 Cal.Rptr. 579, 427 P.2d 179]) because, unlike felonies, misdemeanor charges cannot be refiled if they have been dismissed on speedy trial grounds (see § 1387). Since prejudice would not be an issue, the *Avila* court reasoned that inability to show prejudice should not prevent review of speedy trial error on appeal of a misdemeanor, even if the conviction is based on a guilty plea. The court also reasoned that, even if section 1237.5's limitations on felony appeals were applied to misdemeanor proceedings, speedy trial errors would "go to the legality" of such proceedings because they are automatically prejudicial.

Under *Draughon, Lee,* and *Hayton,* if appellant had pled guilty to any of the original felony charges she would have been barred by her plea from raising any error under section 1382. But since her plea bargain reduced the charges to a misdemeanor, she seeks to assert such error under the authority of *Avila.*

Whatever its merits in the typical misdemeanor case, we find *Avila*'s reasoning inapposite to appellant's situation. *Avila* was premised on the inability to refile misdemeanor charges after a speedy trial violation. The situation in this case is more like a felony, however, because reversal of the judgment on speedy trial grounds would only put the parties back to square one. ██ ██ ██ ██ The prosecution could refile the original felony charges because it would be deprived of the benefit of its plea bargain (see *People* v. *Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026]),[2] and appellant would once again be subject to the maximum

[2] "Critical to plea bargaining is the concept of reciprocal benefits. When either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made. . . . [¶] The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment. . . . When a defendant gains total relief from his vulnerability to sentence, the state is substantially deprived of the benefits for which it agreed to enter the bargain. Whether the defendant formally seeks to withdraw his guilty plea or not is immaterial; it is his escape from vulnerability to sentence that fundamentally alters the character of the

punishments for those felonies because she would have in effect repudiated that bargain (*id.*, at p. 216 [defendant entitled benefit of bargain when bargain undermined by "external events" rather than defendant's repudiation]).

Accordingly, this case is controlled by *Draughon, Lee,* and *Hayton,* rather than *Avila.* Appellant waived any error under section 1382 by virtue of her plea bargain.[3]

### III. DISPOSITION

Since appellant's sole contention is not cognizable on this appeal, the judgment is affirmed.

Poché, Acting P. J., and Channell, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 21, 1990.

---

bargain. . . . [¶] The state may therefore seek to reestablish defendant's vulnerability by reviving the counts dismissed." (*People* v. *Collins, supra,* 21 Cal.3d at pp. 214-215.)

[3] In view of that conclusion, we need not determine whether there was "good cause" for the untimely information within the meaning of section 1382.