[No. E009831. Fourth Dist., Div. Two. May 28, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
SAL OROZCO HERNANDEZ, Defendant and Appellant.

**COUNSEL**

John M. Polakovic for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle B. Davis and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DABNEY, J.**—Following the denial of his nonstatutory motions to dismiss on speedy trial grounds and for the failure to insure the availability of a material witness (see *People* v. *Mejia* (1976) 57 Cal.App.3d 574 [129 Cal.Rptr. 192]), defendant and appellant Sal Orozco Hernandez entered a plea of guilty to the charge of manufacturing a controlled substance, to wit, methamphetamine. (Health & Saf. Code, § 11379.6, subd. (a).) On appeal, he argues that the trial court erred in denying these motions. We agree with the People that the issues did not survive the entry of defendant's guilty plea, and affirm the judgment.

## DISCUSSION

In light of our conclusion, we need not set forth the facts underlying the offense of which defendant was convicted.

### A.

 Insofar as our research discloses, the cases are virtually uniform in holding that a claim of speedy trial violation—whether statutory or constitutional—does not survive a guilty plea. (See e.g., *People* v. *Stittsworth* (1990) 218 Cal.App.3d 837, 841 [267 Cal.Rptr. 280] [statutory]; *People* v. *Lee* (1980) 100 Cal.App.3d 715, 717 [161 Cal.Rptr. 162] [constitutional]; *People* v. *Hayton* (1979) 95 Cal.App.3d 413, 419 [156 Cal.Rptr. 426] [both].) This court has recently held that the same analysis applies to an attempt to appeal the denial of a *Mejia* motion. (*People* v. *Lopez* (1988) 198

Cal.App.3d 135, 141-142 [243 Cal.Rptr. 590]; accord, *People* v. *McNabb* (1991) 228 Cal.App.3d 462, 470-471 [279 Cal.Rptr. 11].) ▆▆▆ Thus, we regard the law as settled, although we feel constrained to note our disagreement with the one case disclosed by our research which suggests a contrary result.

In *People* v. *Stittsworth, supra,* 218 Cal.App.3d the court observed that in *Avila* v. *Municipal Court* (1983) 148 Cal.App.3d 807 [196 Cal.Rptr. 286], it was held that a *misdemeanor* defendant's speedy trial argument does survive his guilty plea. Although the *Avila* court noted that the limitations of Penal Code section 1237.5[1] on appeals following guilty pleas did not expressly apply to misdemeanors, it also found that a more substantive difference justified its holding.

The court began with the principle that a felony defendant cannot obtain reversal of his conviction on speedy trial grounds absent a clear showing of prejudice, and then noted that in *People* v. *Hayton, supra,* 95 Cal.App.3d at page 419, it was pointed out that where a defendant pleads guilty, no evaluation of prejudice in this respect can be made because "there are no facts to be assessed." The *Avila* court, however, found that a misdemeanor defendant can always show prejudice from the denial of his motion, because if his motion had been granted, the case—unlike a felony—could never have been refiled. Thus, it found the *Hayton* analysis irrelevant and permitted the defendant to raise the issue after a plea of guilty.

*Stittsworth* distinguishes *Avila* on the same basis that the latter court used to distinguish *Hayton*—the procedural differences in the prosecution of misdemeanors and felonies. We feel obliged to deal further with the problem, because it appears to us that although *Avila* is on its face inapposite where the prosecution can refile charges, it could support defendant's position in a case such as this, where defendant's speedy trial motion is based on constitutional grounds.[2]

*Avila* reasons that a defendant who can automatically show prejudice resulting from the denial of his motion should be able to raise the issue on

---

[1] All subsequent statutory references are to the Penal Code.

[2] The felony complaint here was filed on May 4, 1988, but defendant was not arrested until he "surrendered to the court" on August 7, 1990. This delay implicated the state constitutional speedy trial right (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 739 [91 Cal.Rptr. 578, 478 P.2d 10]) and, at least, the federal due process guarantee. (See *United States* v. *MacDonald* (1982) 456 U.S. 1, 7 [71 L.Ed.2d 696, 703, 102 S.Ct. 1497]; *Serna* v. *Superior Court* (1985) 40 Cal.3d 239, 259-260 [219 Cal.Rptr. 420, 707 P.2d 793].) No claim was made by defendant under the speedy trial statutes (e.g., Pen. Code, § 1382).

A *Mejia* motion also raises the constitutional issues of due process and the right to a fair trial. (57 Cal.App.3d at p. 579.)

appeal following a guilty plea; this rationale applies to a felony defendant who argues that his defense was hampered by unconstitutional pretrial delays.

A defendant seeking dismissal under the California constitutional speedy trial guarantee must show that he has been prejudiced by the delay. (*Serna* v. *Superior Court, supra,* 40 Cal.3d at p. 249.) Under the federal guarantee, when a showing of actual prejudice is made, a retrial is also barred. (See *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 440 at fn. 8 [121 Cal.Rptr. 457, 535 P.2d 321].) In our view, a defendant who is required to show that he has been prejudiced in order to obtain a dismissal on constitutional grounds is entitled to raise that dismissal as a bar to a future prosecution; where a defendant has shown that delay has caused witnesses or evidence to be lost, it is apparent that the situation will not be improved at the time of a later trial. *Crockett* v. *Superior Court, supra,* holds that a defendant who has obtained a *statutory* dismissal can only resist a refiling of the charges by showing prejudice; however, if the defendant has already made this showing, section 1387 does not permit refiling.[3]

This lengthy exegesis has been necessary to explain our difference with *Avila.* A felony defendant who argues that his constitutional speedy trial motion was wrongly denied can claim the same immunity from further prosecution that is routinely available to the misdemeanor defendant. (Indeed, *any* felony defendant against whom charges had once been dismissed would, under *Avila,* have the right to raise the issue on appeal despite his guilty plea, although a defendant as to whom there had been no previous dismissal would not.) However, we hold that this circumstance does *not* represent the "prejudice" which permits a defendant to raise an issue on appeal after he has pleaded guilty.

The *Avila* court's discussion of *Hayton* reveals that it confused the "prejudice" which justifies granting a motion to dismiss with the "prejudice" which results from the denial of that motion. *Hayton* correctly sets out the limited extent to which an appeal can constitute an attack on the "legality of the proceedings" under section 1237.5, which does not include an objection based on delay in prosecution. (See *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619].) It held that where a defendant pleads guilty, his admission moots his claim that the passage of time frustrated his power to establish his innocence; he cannot show prejudice. These comments go to the essence of the limitations in section

---

[3]We note that a motion to dismiss on constitutional speedy trial or due process grounds is not one of the dismissals covered in Penal Code section 1387, prescribing when refiling is permitted.

1237.5—that once a defendant pleads guilty, he can no longer raise *any* issue going to guilt or innocence. (See also *People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308].)

Obviously, whenever a trial court denies a defendant's motion which, if granted, would have made a favorable termination more likely, that defendant suffers "prejudice." This is true not only where the motion would lead to a dismissal with no refiling of charges, but also where the motion would lead to acquittal at trial, with retrial barred by the double jeopardy clause. The reasoning of *Avila* would permit a defendant to raise *any* issue on appeal after a plea of guilty, by arguing that, had his motion been granted, he could not have been successfully prosecuted at any time. We think the absurdity of such a position is obvious, and we reject the application of *Avila* beyond its facts.[4]

## B.

Defendant (to his credit) did not raise this challenge to the authority of *Hayton* and its progeny, which we dispose of prophylactically. ██ Defendant's attack on these holdings is limited to the argument that "[a] reading of the plea bargain in the instant case and of the certificate of probable cause issued by the trial judge, clearly shows that the issues set forth in appellant's opening brief were preserved, and further, that part of the plea agreement was that the defendant remain released on his own recognizance pending the appeal." These contentions are incorrect, irrelevant, or both.

As pertinent to this contention, the change of plea form signed by defendant merely recites that "DEFT REMAIN FREE PENDING APPEAL . . . ." In accepting the plea, the court merely ensured that defendant understood the rights he was giving up and that the court was bound only by a midterm

---

[4]The *Avila* court noted that a postplea appeal has been permitted where a defendant has unsuccessfully urged a right to dismissal for the failure to bring him to trial in a timely manner under the Interstate Detainers Act. (See *People* v. *Reyes* (1979) 98 Cal.App.3d 524, 532 [159 Cal.Rptr. 572].) The act expressly proclaims that "charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation," and its purpose is to eliminate or minimize these obstructions. Hence, the act is not primarily designed to protect the right to a speedy trial and a defendant's ability to establish his innocence, and urging a violation of the act on a postplea appeal does not raise the issues of guilt and innocence. Although we need not decide the issue, the different focus of the act may justify the different result.

"lid." At the actual sentencing, the court apparently signed a certificate of probable cause (Pen. Code, § 1237.5), as to which it is only apparent that some earlier discussions had been held.[5] The record contains no representation by the court that an appeal would be permitted, nor any understanding that defendant's plea was conditioned upon such an assumption.

Furthermore, the trial court's acquiescence in a defendant's expressed intention to appeal is wholly ineffective to confer jurisdiction on the appellate court if the issue proposed to be raised is in fact not cognizable on appeal. ■ "Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty." (*People v. Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People v. Bonwit* (1985) 173 Cal.App.3d 828, 831 [219 Cal.Rptr. 297].) ■ Even if we were to read the record as containing some sort of agreement by the trial court that defendant could appeal the denial of the two motions, we would not be bound by such an agreement, but would remain subject to the statutory limitations on our jurisdiction imposed by the Legislature and encompassed by section 1237.5.[6]

---

[5] "Mr. Polakovic [defense counsel]: I would indicate to the Court that I have filed with the clerk a certificate of probable cause signed by Mr. Hernandez and notice of appeal, and I believe, if I understand the code correctly, the certificate of probable cause has to be signed by the court as well. This was something that we had—

"The court: Yes.

"Mr. Polakovic: —discussed at the time of the plea.

"The court: As I understood it, we were going to consider the recommendations of the probation office, proceed with pronouncement of judgment. However, there was an understanding that an appeal would be filed and that he would remain out of custody pending that.

"Mr. Polakovic: Yes."

We note that at the time of sentencing, section 1237.5 did not require the trial court to execute the certificate. It is not part of the record on appeal.

[6] In *People v. Lee, supra,* 100 Cal.App.3d at pages 718-719, the record explicitly reflected that the plea of guilty was premised upon the assumption that the denial of the motion to dismiss was appealable. On the request of the defendant, the appellate court agreed that the plea bargain had been improperly approved by the court insofar as it purported to provide an illusory right to appeal. In *People v. Bonwit, supra,* 173 Cal.App.3d 828 the court found the court's "promise" to issue a certificate of probable cause "to protect the defendant's rights on appeal" (it is unclear whether this language is from the record or the briefs in that case) sufficient to permit a withdrawal of the plea. As defendant here does not seek this relief, we need not decide whether the ambiguous language in *Bonwit* is a) sufficient to constitute a "promise" that defendant *has* any appellate rights, and b) sufficient to demonstrate actual reliance on such a promise in entering the plea. (See *People v. Lopez, supra,* 198 Cal.App.3d at pp. 146-147.)

We express some surprise at the apparent misunderstanding on the part of all parties of the facts that the issues were not appealable following the plea of guilty, and that the issuance of a certificate of probable cause (even when required) did not create appealability. Both principles are well established.

The appeal is dismissed.

Ramirez, P. J., and McKinster, J., concurred.

A petition for a rehearing was denied June 24, 1992, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 12, 1992.