Filed 5/20/21  P. v. Batiste CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>WALLACE BATISTE,<br><br>        Defendant and Appellant. | A160838<br><br>(City & County San Francisco<br>Super. Ct. No. 224334) |

## MEMORANDUM OPINION

The facts relevant to disposition of the present appeal are simply stated. Upon remand to the superior court following the reversal of his conviction, defendant Wallace Batiste pled guilty to one count of robbery (Pen. Code, § 211) pursuant to a negotiated disposition under which the court promised to grant a certificate of probable cause that would enable him to challenge on appeal the denial of his motion to dismiss the information for the asserted denial of his right to a speedy trial. Defendant was sentenced (to five years in prison, deemed served) and the court signed a certificate of probable cause. On appeal defendant contends that his guilty plea was improperly induced by the promise to issue a certificate of probable cause on what the parties now recognize is a nonappealable issue. (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357.) The Attorney General agrees and acknowledges that "the judgment should be reversed and the case should

1

be remanded to the superior court to permit [defendant] to move to withdraw his guilty plea."

Recognizing that the speedy trial issue is not appealable, defendant initially moved for summary reversal so that he could return to the superior court and move to withdraw his plea. In response to this court's request for a response to the motion, the Attorney General responded that defendant was not entitled to summary reversal but that "[w]ith respect to the merits of appellant's claim, respondent agrees that he will be entitled to relief on the merits when his appeal is decided." Based on this response, a panel of this court issued the following order: "Respondent having been given the opportunity to respond to appellant's motion for summary reversal in compliance with Government Code section 68081, and having acknowledged that the motion is well taken and should be granted, the motion is granted and the matter is remanded to the Superior Court to permit appellant to move to withdraw his guilty plea." The Supreme Court then granted the People's petition for review and transferred the case back to this court with directions to vacate that order "and consider whether the summary reversal procedure used is appropriate in light of California Constitution, article VI, sections 3 and 14, *People v. Brigham* (1979) 25 Cal.3d 283, Government Code section 68081, and Cal. Rules of Court, rule 8.200(a)." Having further considered this issue in light of the cited authorities, as directed, we conclude once again that having given the Attorney General the opportunity to respond to defendant's motion and the Attorney General having responded that defendant was entitled to have the matter remanded to the superior court, nothing in any of the cited materials precluded summary disposition to accomplish what both parties agreed should occur.

Section 3 of article VI of the California Constitution reads in part, "Concurrence of 2 judges present at the argument is necessary for a judgment." *People v. Brigham, supra,* 25 Cal.3d 283 held this provision recognizes a right to oral argument and prevented an appellate court from affirming a conviction without affording the defendant an oral argument on appeal. The court held, "the Court of Appeal cannot summarily affirm a criminal conviction without first holding oral argument." (*Id.* at p. 288.) Even though the appellate court considered the defendant's contention " 'as a practical matter hopeless,' " "the appellate court had an obligation to hear the arguable argued." (*Id.* at p. 289.) The court did not hold that there must be oral argument to consider a matter that is not disputed. We would view this issue differently if the Attorney General indicated he disputed some aspect of the appellant's position on the merits. *Brigham* involved a situation in which the appellant's position was a least "theoretically arguable." (*Ibid.*) The Attorney General's position here does not meet even that standard. This is not a matter of mere pragmatism. "The law neither does nor requires idle acts." (Civ. Code, § 3532.) Moreover, by acknowledging that defendant was entitled to the remand he requested, the Attorney General recognized there was no need for oral argument and should be understood to have implicitly waived the right to a pointless argument.

Section 14 of article VI of the California Constitution requires appellate decisions to be in writing "with reasons stated," with which the remand order complied. Government Code section 68081 requires that appellate decisions not be based on grounds to which parties have not had "an opportunity to present their views on the matter through supplemental briefing." Here, the Attorney General was given the opportunity and did in fact express its views before the court granted the summary reversal. California Rules of Court,

3

rule 8.200(a) specifies the briefs that parties must and may file on appeal without further permission, but the rule does not purport to require the submission of a full set of briefs when it is disclosed by motion that the parties are in agreement on a particular matter. Here the views of the Attorney General were obtained and when it appeared that both parties agreed the case had to be remanded to the trial court, and this court agreed, there was nothing in any of these authorities that precluded prompt and efficient disposition in accordance with the views of all parties, nor was there any reason to protract the proceedings further.

In all events, following remand from the Supreme Court, we granted defendant's unopposed motion for calendar preference and treated his prior memorandum as his opening brief on appeal; the Attorney General filed a response concluding that "the judgment should be reversed and the case should be remanded to the superior court to permit [defendant] to move to withdraw his guilty plea," and both parties waived oral argument. Therefore, because, as the Attorney General states, defendant "correctly argues that his guilty plea was improperly induced by the trial court's promise to issue a certificate of probable cause on a nonappealable issue," the matter must be remanded to permit defendant to move to withdraw his plea.

## Disposition

The judgment is reversed and the case is remanded to the superior court to permit defendant to move to withdraw his guilty plea. If defendant fails to do so within 30 days of the issuance of the remittitur, the judgment shall be reinstated.

POLLAK, P. J.

I CONCUR:

STREETER, J.

4

BROWN, J., Concurring.

I join fully in the final paragraph of the majority opinion and the disposition. However, I believe that *People v. Brigham* (1979) 25 Cal.3d 283 and California Rules of Court, rule 8.200 foreclose the approach originally taken by this panel—as pragmatic as that approach may have been in light of the Attorney General's ultimate concession that Batiste is entitled to relief on the merits. Unlike the majority, I do not believe the procedural requirements of *Brigham* and the Rules of Court silently admit of exceptions when the parties agree on the merits. Nor can I agree that the Attorney General implicitly waived his right to oral argument when he filed his response on the merits, particularly when this court ordered the merits response after receiving the Attorney General's procedural objection to the motion for summary reversal, and when the Attorney General's merits response reiterated his initial position objecting to the summary reversal process. Notwithstanding these disagreements, however, I agree with the majority that the case must now be remanded to permit Batiste to withdraw his guilty plea.

BROWN, J.

1