Filed 11/7/23  P. v. Mendoza CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RODRIGO JOEL MENDOZA, Defendant and Appellant. | F085160 (Super. Ct. No. CR-18-001943) OPINION |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Lynette Gladd Moore and John L. Staley, under appointments by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Smith, J. and De Santos, J.

## INTRODUCTION AND PROCEDURAL BACKGROUND

The Stanislaus County District Attorney filed a second amended information on September 15, 2022, charging defendant Rodrigo Joel Mendoza with murder (Pen. Code, § 187, subd. (a);[1] count 1), vehicular manslaughter (§ 191.5, subd. (a); count 2), and hit and run resulting in death (Veh. Code, § 20001, subd. (b)(2); count 3). The second amended information further alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), personally inflicted great bodily injury on someone other than an accomplice (§ 1192.7, subd. (c)(8)), fled the scene of the crime after committing a violation of section 191.5 (Veh. Code, § 20001, subd. (c)), and had one prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (a), (b)–(i), 1170.12, subds. (a)–(d)). The second amended information further alleged circumstances in aggravation that the crime involved great violence, great bodily harm, and the threat of great bodily harm (Cal. Rules of Court, rule 4.421(a)(1)) and that defendant's prior convictions were numerous and of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)).

Defendant pleaded nolo contendere to manslaughter as charged in count 2 and admitted his prior serious felony conviction on September 15, 2022. Prior to his plea, the trial court recited its understanding of the plea: defendant would plead nolo contendere to count 2, vehicular manslaughter, and admit the special allegations that he personally inflicted great bodily injury on someone other than an accomplice and fled the scene of the crime; the prosecutor would move to strike the great bodily injury enhancement and the circumstances in aggravation; the court would dismiss counts 1 and 3 and the section 667, subdivision (a) enhancement; defendant would admit his prior serious felony conviction; and the court would sentence defendant to a total term of 17 years in prison.

---

[1] Undesignated statutory references are to the Penal Code.

Before accepting defendant's plea, the trial court advised him that he would be pleading to a crime that would qualify as a strike under the Three Strikes law and advised him that he could be deported as a result of the conviction. The trial court advised defendant of his constitutional rights to a public and speedy trial, to confront witnesses and present a defense, and not to incriminate himself; defendant acknowledged that he would be giving up those rights if he pleaded guilty or no contendere and then gave up each of his rights. Defendant further stipulated to the preliminary hearing transcript as the factual basis for his plea. Defendant then pleaded nolo contendere to the charge that he killed another human being while engaged in driving at an unsafe speed and admitted that he inflicted great bodily injury, fled the scene of the crime, and had previously been convicted of a serious felony (Pen. Code, §§ 191.5, 667, subd. (d), 1192.7, subd. (c)(8); Veh. Code, § 20001, subd. (c)). The trial court found that defendant had intelligently, knowingly, and voluntarily given up his constitutional rights and understood the nature of the charges and the consequences of his guilty plea.

The trial court then granted the prosecutor's motions to dismiss counts 1 and 3 and to strike the section 667, subdivision (a) enhancement and the circumstances in aggravation. Defendant waived time for sentencing, and the trial court sentenced him to 12 years in prison (the six-year middle term doubled pursuant to § 667, subd. (d)), plus five years (Veh. Code, § 20001, subd. (c)), for a total term of 17 years in prison. The trial court ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation restitution fine (§ 1202.45), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).

Defendant filed a timely notice of appeal on October 12, 2022, alleging that his rights to a speedy trial were violated. The trial court granted defendant a certificate of probable cause that same day.

On appeal, defendant argues that his appeal "is limited to matters occurring after the entry of the plea which do not challenge the plea," but then argues that he should be entitled to withdraw his plea because it was induced by the misrepresentation that he could appeal the denial of his right to speedy trial. We affirm the judgment.

## FACTS[2]

On June 2, 2018, at approximately 2:15 a.m., California Highway Patrol officers responded to an accident involving a black Mercedes registered to Maria Mendoza and Constantino Ramos Mendoza. The driver of the Mercedes had been speeding and hit a truck, which then hit a tree and flipped onto its roof. The driver and registered owner of the truck, Marinus Lubbers, was ejected onto the road and died of multiple injuries caused by the accident. A witness observed an individual leave the scene of the accident. Officers saw an opened beer bottle on the front passenger floorboard of the Mercedes and found a debit card with defendant's name on the passenger seat.

Maria Mendoza was questioned by officers and told them that defendant, her son, usually drove her Mercedes. A bar employee identified defendant has having been drinking at that bar and told officers that defendant drove away in a black Mercedes at approximately 1:00 a.m. on June 2, 2018.

Defendant met with officers to report his black Mercedes stolen later that day. Defendant told officers that he had been counseled at work by two supervisors and permitted to leave early. He then went to a bar where he drank four or five beers and smoked marijuana. Defendant claimed that he called a friend to drive him from the bar and, when he returned to the bar later, the vehicle was gone.

Video surveillance from a nearby store showed Lubbers driving his truck and then the black Mercedes leaving the nearby bar and making an illegal left turn. A short time

---

**2** As defendant pleaded nolo contendere and agreed that the preliminary hearing transcript established the factual basis for his plea, we provide an abbreviated statement of facts from the preliminary hearing.

4.

later, defendant arrived at a residence near the accident. Defendant was crying, smelled of alcohol, said he was drunk, and then used the phone at the residence to call for a ride. Defendant's DNA was identified on the beer bottle that was found inside the Mercedes.

## DISCUSSION

Defendant contends that he should be allowed to withdraw his plea because the trial court "gave him erroneous advice with respect to the appealability of his speedy trial right."[3] He argues that we should reverse his conviction and remand his case to afford him the opportunity to withdraw his plea of nolo contendere. We disagree that the trial court promised defendant that he could appeal based upon a violation of his speedy trial rights.

"Issues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*People v. De Vaughn* (1977) 18 Cal.3d 889, 895.) A claim that a plea was improperly induced challenges the legality of the proceedings resulting in the plea and is cognizable on appeal. (§ 1237.5; *De Vaughn*, at p. 896.) " 'Where a defendant's plea is "induced by misrepresentations of a fundamental nature" such as a bargain which is beyond the power of the trial court, a judgment based upon the plea must be reversed.' " (*People v. Hollins* (1993) 15 Cal.App.4th 567, 574; see *id*. at pp. 574–575 [illusory promise of appealability of the denial of the defendant's section 995 motion was improper inducement for the plea].)

Given defendant's nolo contendere plea, the issue of whether his speedy trial right was violated is not cognizable on appeal. Speedy trial claims may not be raised on appeal following a guilty plea—even with a certificate of probable cause. (*People v.*

---

**3** Although defendant obtained a certificate of probable cause to argue that his constitutional right to a speedy trial was violated by the continuance of his trial over his objections, our Supreme Court has held that the certificate of probable cause permits us to consider cognizable issues in addition to those identified in a defendant's written request for the certificate. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1180.)

*Hernandez* (1992) 6 Cal.App.4th 1355, 1357, 1361 [as to statutory right to speedy trial]; *People v. Lee* (1980) 100 Cal.App.3d 715, 717 [as to constitutional right to speedy trial].) Therefore, if the trial court and the prosecutor promised defendant that he retained his right to appeal any speedy trial violation as part of his plea agreement, then the promise was illusory.

However, we can find no evidence in the record that the trial court made any representation to defendant that he would have a right to appeal a violation of his right to a speedy trial before he pleaded nolo contendere. The cases relied upon by defendant are inapposite as, in all of those cases, the defendants' guilty pleas were improperly induced by unenforceable promises. (See *People v. De Vaughn*, *supra*, 18 Cal.3d at p. 893 [the trial court erroneously bargained for the defendants' pleas by promising them the right to appeal the denial of their motions to suppress their extrajudicial statements]; *People v. Hollins*, *supra*, 15 Cal.App.4th at pp. 574–575 [trial court advised the defendant as part of his plea that he could preserve the right to appeal the denial of his section 995 motion to dismiss]; *People v. Truman* (1992) 6 Cal.App.4th 1816, 1820–1821 [same]; *People v. Bonwit* (1985) 173 Cal.App.3d 828, 833 [trial court promised the defendant he could appeal denial of his motion seeking sanctions for destruction of evidence]; *People v. Coleman* (1977) 72 Cal.App.3d 287, 292 [trial court advised the defendant that he could appeal the denial of his motion for disclosure of the informant].) In addition, those cases involve reversed guilty pleas after the defendants had bargained for a certificate of probable cause to appeal specific issues that were not cognizable on appeal from a guilty plea even with a certificate. (See *De Vaughn*, at p. 893 ["Further in accordance with the bargain the trial court, after judgments, issued certificates of probable cause which purported to preserve for review on appeal the issues raised on the motions." (Fn. omitted.)]; *Hollins*, at p. 570 ["After ruling, … the court agreed to issue a certificate of probable cause for appeal."]; *Truman*, at p. 1820 ["The court responded: 'Well, my understanding is that he has a statutory right to appeal from the denial of the 995. [¶] I

6.

would further represent if it becomes an issue, I would issue a certificate of probable cause to allow you to litigate that issue on appeal.' "]; *Bonwit*, at p. 833 ["The court expressly stated one of the promises or representations made to Bonwit inducing his guilty plea was the court's own promise to issue a certificate of probable cause '[i]n order to protect the defendant's rights on appeal.' "]; *Coleman*, at p. 292 [" 'An appeal from a guilty plea requires a certificate …. And if you file the appropriate document the Court will consider that certificate.' "].)

Defendant apparently concedes that the trial court did not expressly promise defendant that he could appeal the denial of his right to a speedy trial and argues that the trial court made an "implied promise" to defendant that he retained his right to appeal any speedy trial violation as part of his plea agreement. However, the record is devoid of any facts supporting even an implied promise by the trial court that defendant could appeal a denial of his right to a speedy trial. In *People v. Hernandez*, *supra*, 6 Cal.App.4th 1355, the Court of Appeal held that the defendant's guilty plea waived his appeal of the denial of his nonstatutory motion to dismiss on speedy trial grounds. (*Id*. at p. 1357.) *Hernandez* rejected the defendant's arguments that the trial court had made a representation that an appeal would be permitted or that there was an understanding that the defendant's plea was conditioned upon such an assumption. (*Id*. at p. 1361.) The record in that case indicated that defense counsel filed a certificate of probable cause and the trial court signed the certificate and understood that an appeal would be filed. (*Ibid*. & fn. 5.) The Court of Appeal held that the trial court's mere acquiescence of an intention to appeal does not reflect an understanding that the defendant's plea was conditioned upon the defendant's right to appeal. (*Ibid*.)

The record here contains no discussion of defendant's appellate rights at all.[4] We conclude that the trial court did not make a misrepresentation that induced defendant to plead nolo contendere.

## DISPOSITION

The judgment is affirmed.

---

[4] The trial court's granting of a certificate of probable cause as to defendant's right to a speedy trial issued on October 12, 2022, approximately 27 days after defendant pleaded nolo contendere, provides no evidence that defendant was induced to plead nolo contendere by an implied promise that defendant could appeal.