Filed 12/22/14  P. v. Thigpen CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074281 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F04369) |
| v. | |
| CLYDE WILLIAM THIGPEN, JR., | |
| Defendant and Appellant. | |

In April 2013, defendant Clyde William Thigpen, Jr., filed a petition to recall his January 2008 indeterminate life sentence, pursuant to Penal Code section 1170.126.[1]  The statute, enacted as part of a November 2012 initiative measure, provides relief under narrow criteria from indeterminate life sentences imposed for recidivism.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant alleged that in January 2008, the trial court had sentenced him to state prison for a term of 35 years to life: concurrent terms of 25 years to life for assault with a deadly weapon (a car) and assault with force likely to inflict great bodily injury, which the court imposed consecutive to a 10-year determinate term for recidivist findings.[2] He further alleged that his commitment convictions did not come within exclusions in section 1170.126, subdivision (e)(1) ("serious" and/or violent felonies) or subdivision (e)(2) (cross-referencing other offenses specified in § 667, subd. (e)(2)(C)(iii)), and that his prior convictions did not come within the exclusions in section 1170.126, subdivision (e)(3) (cross-referencing offenses specified in § 667, subd. (e)(2)(C)(iv)). He claimed he was thus entitled to resentencing to a determinate sentence of double the term otherwise applicable to his convictions (i.e., the same sentence a defendant would receive under the prospective amendments to the recidivist sentencing statutes enacted as part of the same initiative). (§§ 1170.126, subd. (f); see 667, subd. (e)(1).) Defendant waived his personal presence for resentencing.

The trial court assigned the recall petition to the original trial judge, who was available. (§ 1170.126, subd. (b).) The court found that assault with a deadly weapon has been a serious felony since 2006, and as a result defendant was ineligible for resentencing on that count under section 1170.126, subdivision (e)(1). It also interpreted the statute as precluding resentencing on the other assault conviction, even though it was not a serious or violent felony, because at least *one* of the commitment convictions was a serious or violent felony. In addition, after its review of an exhibit from the underlying

---

[2] As defendant has pursued relief from a final conviction pursuant to section 1170.126, we do not need to address the contretemps regarding whether a defendant whose sentence is not yet final on appeal is entitled to application of the revised sentencing provisions without filing a petition for recall pursuant to section 1170.126. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168 (*Yearwood*) [no retroactive effect].) The issue is presently pending in the Supreme Court. (See, e.g., *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275.)

2

trial and the transcript of the preliminary hearing (the trial transcripts not being available at the time of the recall proceeding), the trial court offered its opinion it was "reasonably probable" that it would find defendant had been armed with a deadly weapon or intended to inflict great bodily injury during the commission of the second assault offense, and therefore defendant would be ineligible in any event for resentencing on that count under subdivision (e)(2) of the statute. "However . . . , the court at this time need not attempt to obtain the trial transcripts and make this specific finding" in light of its ruling that the first assault conviction rendered defendant ineligible for resentencing as to either count. It therefore denied the petition without a hearing. Defendant appealed.

The parties dispute whether the order denying defendant's recall petition is appealable. On the merits, defendant asserts that he can be resentenced on an eligible commitment conviction even if other commitment convictions are ineligible. He also raises numerous arguments in connection with the dictum in the trial court's order about the "likely" findings regarding the conviction for assault with force likely to inflict great bodily injury, including a claim that section 654 requires us to stay this count.[3]

In *Teal v. Superior Court* (2014) 60 Cal.4th 595 (*Teal*), our Supreme Court recently concluded that a ruling on a section 1170.126 petition is appealable, which lays the first issue to rest. On the merits, we conclude the trial court correctly resolved the interpretive issue of defendant's eligibility for resentencing under the statute. The facts underlying defendant's convictions are not relevant to the issues on appeal, and we

---

[3] Contrary to defendant's assertion in his reply brief, the People's unaccountable failure to respond to this argument does not "forfeit" opposition to it. (*People v. Hill* (1992) 3 Cal.4th 959, 995, fn. 3; *Wall Street Network*, *Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177-1178, fn. 3; Cal. Const., art. VI, § 13.)

shall omit them as a result.[4]  We also do not need to add any additional procedural facts from the present proceeding beyond those described in this introduction.

## DISCUSSION

We do not think that the plain language of section 1170.126 can reasonably be construed to allow a defendant with a *hybrid* indeterminate life sentence—i.e., one consisting of terms for both qualifying and disqualifying offenses—to be eligible for resentencing per offense, rather than evaluating eligibility on the basis of the judgment as a whole.  The statute declares its intent to apply *only* to "persons presently serving an indeterminate term of imprisonment . . . whose *sentence* . . . would *not* [*be*] an indeterminate life sentence" under the 2012 amendments to section 667 (§ 1170.126, subd. (a), italics added); significantly, this qualification does not specify the individual *terms* of which the sentence as a whole is comprised.  Again, with respect to the substantive criteria for eligibility, it is conditioned on the "*current sentence*" (§ 1170.126, subd. (e)(2), italics added) (rather than "term" (*id*., subd. (e)(1))) not being imposed for any of the offenses specified in subdivision (e)(2); it would thus appear a defendant serving a current sentence that includes any life term for a disqualifying offense cannot come within this condition.  While subdivision (e)(1) might appear at first blush to focus on individual life terms in determining eligibility (speaking of *an* indeterminate *term* of life imprisonment that is not a result of a conviction for a felony or felonies involving serious or violent offenses), that runs contrary to the plain statement of intent in subdivision (a), which we must read together with the latter subdivision to give effect to the intent underlying the statute as a whole.  (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715; *Department of Health Services v. Civil Service Com.* (1993) 17 Cal.App.4th 487, 494-495.)

---

[4]  Defendant's request for judicial notice of the record in his direct appeal is therefore denied as irrelevant.  (*People v. Eubanks* (2011) 53 Cal.4th 110, 129-130, fn. 9.)

Moreover, *buttressing* this plain language (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 279), the proponents of the initiative enacting the statute emphasized saving money *while protecting public safety*:  They argued it would " 'keep dangerous criminals off the streets' " by making sure that " 'truly dangerous criminals will [not] receive [any] benefits whatsoever.' " (*Yearwood*, *supra*, 213 Cal.App.4th at p. 171.)  A defendant who has committed one of the proscribed offenses does not become any less *dangerous* in the eyes of the electorate on the basis of committing even *more* felonies (even if they are eligible offenses).

The recent decision in *People v. Anthony* (2014) 230 Cal.App.4th 1176 is in accord with these points, though its precedential value may be ephemeral in light of the Supreme Court's grant of review in all previously published cases involving this issue.[5] We thus do not belabor our analysis and will simply agree, pending our high court's ultimate resolution of the question.

Defendant resorts to the oft-invoked "rule of lenity."  However, "this is a 'tie-breaking principle' of *statutory interpretation*" that we apply *only* where evidence of *legislative intent* "is in equipoise" as to which of alternate reasonable interpretations should prevail.  (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1339, fn. 6.)  We have not found anything equivocal in the intent expressed in the plain statutory language or the arguments made in connection with the initiative.  The rule of lenity consequently does not have any role here.  As a result, defendant's commitment conviction for assault with a deadly weapon precluded resentencing on the other assault count.

---

[5]  *People v. Hubbard* (2014) 228 Cal.App.4th 1442, review granted and briefing deferred Oct. 29, 2014, S221541; *In re Machado* (2014) 226 Cal.App.4th 1044, review granted July 30, 2014, S219819; *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503; *In re Martinez* (2014) 223 Cal.App.4th 610, review granted and briefing deferred on unrelated issue May 14, 2014, S216922.

We do not need to reach defendant's remaining multiple contentions regarding the other assault count for two reasons.  In light of *People v. Anthony*, *supra*, 230 Cal.App.4th 1176, and our conclusion above, they are moot.  Moreover, the order does not *actually* make any factual findings regarding the other count; it merely suggests that the findings were likely if necessary.  We therefore do not have any occasion to consider if such findings need to be the subject of:  pleading and proof either in the underlying case or in the present proceedings, a jury finding as opposed to the court, or a standard of proof greater than preponderance.  We also do not need to consider poorly framed claims that these findings resulted in a *merger* of some sort, or in the need to stay punishment on the second conviction pursuant to section 654 (defendant not qualifying for resentencing).

## DISPOSITION

Defendant's request for judicial notice, filed September 30, 2013, is denied.  The judgment is affirmed.


                                                      BUTZ                , Acting P. J.



We concur:



        MAURO        , J.



        HOCH        , J.



6

BUTZ, Acting P. J., Concurring and Dissenting.

"Naturally I concur in the majority opinion I have prepared for the court" (*People v. Jones* (1998) 17 Cal.4th 279, 319 (conc. opn. of Mosk, J.)); "[o]bviously, I concur fully in the majority opinion I have authored" (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 378 (conc. opn. of Chin, J.)).

I write separately to explain my disagreement with the chosen disposition that my colleagues favor.  Notwithstanding the conclusion in *Teal v. Superior Court* (2014) 60 Cal.4th 595 that a defendant has a substantial right in the *accurate* determination of eligibility such that a claim of an erroneous denial of a petition pursuant to section Penal Code section 1170.126 is *appealable*, this leaves the question of the effect of an *appellate* ruling that finds a defendant is indeed ineligible for resentencing under the statute.  (*Teal*, *supra*, 60 Cal.4th at p. 601.)  I conclude this requires us to dismiss the appeal.

A trial court does not have jurisdiction to entertain a petition for resentencing of an ineligible defendant.  (Cf. *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726 [both holding untimely motion to recall sentence does not confer jurisdiction]; *People v. Thornton* (1965) 233 Cal.App.2d 1, 2 [petition for writ of coram nobis insufficient on face does not confer jurisdiction].)  Thus, if a defendant is *in fact* ineligible for resentencing, a denial of the petition does not affect any substantial right, and an appellate holding of defendant's ineligibility results in a lack of appellate jurisdiction over the appeal.  (Cf. *Turrin*, *supra*, 176 Cal.App.4th at p. 1208; *Chlad*, *supra*, 6 Cal.App.4th at p. 1726; *People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249 [*if* claimed instructional error prejudicial, it affects the defendant's substantial rights and *then* appellate court may consider merits initially on appeal under § 1259]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099-1100; *People v. Panizzon* (1996) 13 Cal.4th 68, 89; *People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1361 [all dismissing appeal where

1

the defendant lacks certificate of probable cause *after* determining on merits it is subject to § 1237.5]; see *People v. Elder* (2014) 227 Cal.App.4th 1308, 1318-1319 (conc. & dis. opn. of Butz, J.) (*Elder*) [§ 1170.126].)

We may nonetheless issue an advisory opinion to serve as precedent on the merits of the denial of the petition, because we always have jurisdiction to determine appellate jurisdiction, but the proper course in our disposition is to dismiss the appeal. (*Rescue Army v. Municipal Court* (1946) 28 Cal.2d 460, 464; *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 302; see *Elder*, *supra*, 227 Cal.App.4th at pp. 1319-1320 (conc. & dis. opn. of Butz, J.).)


       BUTZ       , Acting P. J.