Filed 1/20/22  P. v. Kilpatrick CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093867 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F5775) |
| v. | |
| BRANDON WILLIAM KILPATRICK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon William Kilpatrick has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

The People charged defendant with two counts of inflicting corporal injury to a spouse, resulting in a traumatic condition (Pen. Code, § 273.5, subds. (a) & (f))[1] and

---

[1]     Undesignated statutory references are to the Penal Code.

1

further alleged as to each count that defendant had a prior conviction for corporal injury under section 273.5 and a prior strike conviction for making criminal threats. As to the first count of corporal injury, the prosecution further alleged that defendant personally inflicted great bodily injury. (§ 12022.7.) The prosecution also charged defendant with battery upon an officer (§ 243, subd. (b)), two counts of resisting an executive officer (§ 69), and obstructing or delaying an officer (§ 148, subd. (a)(1)).

Defendant waived his right to a preliminary hearing and entered into a stipulated plea wherein he pleaded no contest to one count of inflicting corporal injury, admitted he inflicted great bodily injury, and admitted that he suffered a prior strike conviction. He also pleaded no contest to two counts of resisting an executive officer and obstructing or delaying an officer. The parties stipulated the factual basis for the charges was found in the police report.

The trial court sentenced defendant to the stipulated term of seven years in prison, which was calculated by imposing the low term of two years for the corporal injury, doubled to four years due to the prior strike conviction, and an additional three years for the great bodily injury enhancement. Defendant was also sentenced to a consecutive eight months on an unrelated case. He was sentenced to time served for the remaining misdemeanor counts. The trial court awarded defendant 219 days of presentence custody credits, with specified conduct credits limited under section 2933.1. The trial court imposed a restitution fine (§ 1202.4) and imposed and suspended an identical postrelease community supervision revocation restitution fine (§ 1202.45), imposed a court operations fee (§ 1465.8), and a court conviction assessment (Gov. Code, § 70373).

Defendant's request for a certificate of probable cause was denied. (§ 1237.5.)

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

2

(*People v. Wende, supra*, 25 Cal.3d 436.) In response, defendant filed a supplemental brief raising several challenges to his conviction and sentence, none of which are meritorious.

First, defendant claims that the prosecution improperly charged him with two domestic violence charges "on the same issue." He also claims he never waived his right to a preliminary hearing and his right to a speedy trial was violated. By entering a no contest plea, defendant waived his right to appeal any errors in the pretrial proceedings. (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 399, citing *People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.) Thus, by virtue of defendant's no contest plea, he waived any challenge to the charges or his rights to a preliminary hearing or speedy trial. (See, e.g., *People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357 ["a claim of speedy trial violation—whether statutory or constitutional—does not survive a guilty plea"].)

Defendant also claims he was bullied into entering the plea and his attempts to withdraw his plea do not appear in the record. The right to appeal following a guilty plea is quite limited and requires compliance with section 1237.5. (See *People v. DeVaughn, supra*, 18 Cal.3d at pp. 895-896.) Here, defendant's failure to obtain a certificate of probable cause prevents a review of his claim that his plea was invalid because it was unintelligent and involuntary. Defendant's claim that he was bullied into taking the plea is not supported by facts from the record and is ultimately a challenge to the validity of the plea itself. His related claim that the record does not reflect his attempts to withdraw his plea, on the basis that he misunderstood the terms of the plea, also ultimately goes to the validity of the plea. A challenge to the validity of the plea cannot be reviewed without a certificate of probable cause. (See § 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094-1095; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-76.)

Defendant also asks us to strike the great bodily injury enhancement under Senate Bill No. 81 (2021-2022 Reg. Sess.). In a separate motion filed at the same time as his supplemental brief, defendant asks that we reduce his sentence under Proposition 57, the

Public Safety and Rehabilitation Act of 2016. Proposition 57 amended the California Constitution to provide for early parole consideration; it does not provide a mechanism for resentencing. (See Cal. Const., art. I, § 32, subd. (a), par. (1).) Notably, Senate Bill No. 81 (2021-2022 Reg. Sess.), operative January 1, 2022, amended section 1385 to allow a trial court to strike an enhancement but only applies to sentencings after the operative date of the amendment and therefore does not apply to defendant. (Stats. 2021, ch. 721, § 1.) Defendant's requests for sentence reduction are not cognizable on this appeal. Even if they were cognizable, defendant's lack of a certificate of probable cause is similarly fatal to his sentencing claims. " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' " and also requires a certificate of probable cause. (*People v. Shelton* (2006) 37 Cal.4th 759, 766, quoting *People v. Panizzon, supra*, 13 Cal.4th at p. 79.)

With respect to sentencing, defendant claims that his pretrial credits for actual days in custody were incorrectly calculated such that he received more credit than was due, and that his conduct credits were incorrectly calculated such that he received far less credit than was due. At sentencing, the probation department represented the number of days defendant spent in custody and there is nothing in the record to establish this representation was incorrect. Similarly, defendant's claim that he is entitled to day-for-day conduct credit has no merit. As explained by the trial court during the hearing on the change of plea, defendant admitted the allegation that he inflicted great bodily harm, which rendered the corporal injury offense a violent felony. (§ 667.5, subd. (c)(8).) As a result, his pretrial conduct credits are properly limited under section 2933.1. (§ 2933.1 [any person who is convicted of a felony offense listed in subdivision (c) of section 667.5 shall accrue no more than 15 percent of worktime credit].)

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant, and accordingly, we will affirm the judgment.

4

## DISPOSITION

The judgment is affirmed.

                                                      _____KRAUSE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____DUARTE_____, J.

5