Filed 11/30/15  P. v. Homedew CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063360 |
| v. | (Super.Ct.Nos. BAF1400433, SWF1402237,SWF1403230) |
| JONATHAN LEROY HOMEDEW, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.
Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for
Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant is serving a split sentence of six years after pleading guilty to various
theft-related offenses in three separate cases.  We affirm.

1

## FACTS AND PROCEDURE

SWF1402237—On August 14, 2014, defendant stole a 2009 Mazda 3. On August 20, 2014, defendant stole a 2001 Frontier. On August 27, 2014, defendant took a 2004 Ford F-150. On February 23, 2015, defendant pled guilty to three counts of felony auto theft with a prior conviction for auto theft (Pen. Code, § 666.5, subd. (a); Veh. Code, § 10851). The court sentenced defendant to four years on the first count and a one-year consecutive sentence on each of the other two counts, for a total of six years. Three years were to be served in local custody, with credit for 277 days, and three years on local supervision. This case was designated the primary case.

SWF1403230—On October 8, 2014, defendant stole a 2012 Hyundai Elantra. On February 23, 2015, defendant pled guilty to one count of felony auto theft with a prior conviction for auto theft (Pen. Code, § 666.5, subd. (a); Veh. Code, § 10851). The court sentence defendant to two years in local custody, to be served concurrently with the sentence in the primary case.

BAF1400433—On January 24, 2014, defendant passed a fraudulent check. On February 23, 2015, defendant pled guilty to passing a fraudulent check (Pen. Code, § 470, subd. (d)) and received a sentence of sixteen months in local custody, to be served concurrently with the sentence in the primary case.

Defendant indicated in each of the plea agreements that he waived his right to appeal.

This appeal followed. Defendant did not obtain a certificate of probable cause.

2

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a summary of the facts, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. We group defendant's arguments into four main issues. First, defendant argues the trial court denied him his constitutional right to a speedy trial when it continued his trial date several times over his objection. "Other than search and seizure issues specifically reviewable under section [Penal Code] section 1538.5, subdivision (m), all errors arising prior to entry of plea of guilty or nolo contendere are waived by the plea, except those based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings . . . .' [Citations.]" (*People v. Shults* (1984) 151 Cal.App.3d 714, 718-719, and cases cited therein; see also Pen. Code, § 1237.5, subd. (a).) Matters waived by these pleas include the right to a speedy trial. (*People v. Hayton* (1979) 95 Cal.App.3d 413, 417-418; *People v. Lee* (1980) 100 Cal.App.3d 715, 717-718.) The cases are virtually uniform in holding that a claim of speedy trial violation -- whether statutory or constitutional -- does not survive a guilty plea. (See e.g., *People v. Stittsworth* (1990) 218 Cal.App.3d 837, 841 [statutory]; *Lee*, at p. 717 [constitutional]; *Hayton*, at p. 419 [both].)

3

Second, defendant argues defense counsel was ineffective for failing to file a timely motion under Evidence Code section 1042, and for failing to protect defendant's speedy trial rights. We note that defense counsel did file a motion prior to trial to obtain the identity and whereabouts of the confidential informant the defense named as "Boris," and we do not see any prejudice to defendant regarding the timing of the motion. Defendant's speedy trial rights were protected. Defense counsel asked for a continuance of the December 24 trial date to allow time to prepare for trial and obtain missing discovery from the People and the trial court found good cause  Defense again asked for a continuance because defense counsel would be in trial on another matter, which the court again found to be good cause. Based on the record on appeal, we cannot find any ineffective assistance of counsel or prejudice to defendant

Third, defendant argues the court erred when it refused to accept his self-prepared motion to dismiss pursuant to Penal Code section 1382. However, defendant both pled guilty and waived his right to appeal. (*People v. Pannizon* (1996) 13 Cal.4th 68, 84-86.)

Finally, defendant argues the court violated Penal Code section 987.05 when it allowed a change in defense counsel on day 42. Again, defendant both pled guilty and waived his right to appeal.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

KING _____
J.

MILLER _____
J.

5