[Crim. No. 11751. Third Dist. Feb. 8, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DEBORAH SHULTS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Certified for publication, except for parts I and II (Cal. Rules of Court, rule 976.1).

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Charles M. Bonneau, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—In *People* v. *Sims* (1982) 32 Cal.3d 468 [186 Cal.Rptr. 77, 651 P.2d 321], the Supreme Court held that collateral estoppel bars the state from criminally prosecuting for welfare fraud a defendant who was exonerated of that charge in an administrative fair hearing before the state Department of Social Services (at p. 489). After a plea of nolo contendere, defendant seeks in this appeal to raise collateral estoppel arising out of facts similar to those in *People* v. *Sims.* In the published part of this opinion (see Cal. Rules of Court, rule 976.1), we hold that defendant's plea of nolo contendere forecloses review of the trial court's denial of defendant's motion *in limine* to admit evidence of the administrative fair hearing; accordingly, defendant's claim of collateral estoppel lacks support in the record and is not cognizable on appeal.

An information charged defendant with fraudulent receipt of welfare payments in excess of $200, a felony (Welf. & Inst. Code, § 11483) and numerous counts of perjury (Pen. Code, § 118). The criminal charges were based upon the alleged presence in defendant's household of the father of her child during a period when she was receiving aid to families with dependent children (AFDC) and had repeatedly maintained her eligibility for such assistance by certifying his absence from the home.

Acting on the same basis, the Butte County Welfare Department had earlier made demand on defendant to reimburse AFDC benefits allegedly overpaid. On defendant's request a fair hearing had been held before the State Department of Social Services (Welf. & Inst. Code, § 10950). Because the instant criminal proceeding was then pending before a magistrate, the district attorney declined to produce evidence at the fair hearing to support the county's claim. The hearing officer determined the claim of overpayment was unsupported and the referral for criminal prosecution improper. The county was ordered to rescind its demand for repayment and withdraw its referral for prosecution.

The defendant, relying on *People* v. *La Motte* (1979) 92 Cal.App.3d 604 [155 Cal.Rptr. 5] (disapproved in part in *People* v. *Sims, supra,* at p. 488, fn. 18), moved the trial court *in limine* to admit into evidence in the criminal case the results of the fair hearing.[1] The motion was denied. Thereafter in consideration for dismissal of the perjury counts, defendant entered a plea of nolo contendere to welfare fraud (Welf. & Inst. Code, § 11483) and was placed on probation for five years under specified terms and conditions. Defendant filed a notice of appeal and secured from the trial court a certificate of probable cause (Pen. Code, § 1237.5; Cal. Rules of Court, rule 31(d)). Among the issues as to which the trial court found probable cause for appeal were the following: "Whether a decision from an Administrative Fair Hearing Board can be used as collateral estoppel in a criminal case" and "Whether the results of an Administrative Fair Hearing Board can be used by the defendant as evidence . . . ."

While this appeal was pending, the Supreme Court decided *People* v. *Sims, supra,* 32 Cal.3d 468. In *Sims,* the Department of Social Services conducted a fair hearing on alleged overpayments of AFDC benefits to a welfare recipient. After the county declined to present any evidence at the hearing because criminal charges were pending against the recipient, the hearing officer concluded the evidence was insufficient to establish the benefits were fraudulently obtained. The recipient then moved to dismiss the

---

[1]The "facts" set forth in the preceding paragraph relating to the administrative hearing are taken from documents attached to defendant's motion.

pending criminal charges, arguing among other things that the administrative decision barred the criminal prosecution under the doctrine of collateral estoppel. The trial court granted the motion and dismissed the information. (*Id.*, at p. 474.) On the prosecution's appeal, the dismissal was affirmed. *Sims* held that the state was collaterally estopped in the criminal proceeding from relitigating the fair hearing decision exonerating defendant of welfare fraud based on the same alleged misconduct (*id.*, at pp. 476-477, 489). In reaching this conclusion, the court determined that the Department of Social Services, acting in a judicial capacity, had resolved disputed issues of fact properly before it and the parties had an adequate opportunity to litigate those issues. (*Id.*, at pp. 479-482.) It also determined that (1) the fraud issue "actually litigated" at the administrative hearing was identical to the one involved in the criminal proceeding (*id.*, at p. 485), (2) the fair hearing determination was immune from direct attack and therefore "final" for purposes of the doctrine of collateral estoppel (*id.*, at pp. 485-486), and (3) the county as litigant in the fair hearing and the district attorney as prosecutor in the criminal proceeding were in privity with each other (*id.*, at pp. 484, 486-488).

Although the circumstances underlying this case closely parallel those in *Sims,* the two cases are very different procedurally. In *Sims,* the defendant pled not guilty and successfully invoked collateral estoppel to dismiss the criminal charges. (*Id.*, at p. 474.) Here, defendant moved *in limine* for the admission into evidence of the result of the administrative fair hearing and, failing that, entered a plea of nolo contendere.

On appeal defendant's principle contention is that the state is collaterally estopped to relitigate in a criminal prosecution the charge of welfare fraud of which defendant was exonerated in the administrative fair hearing. A threshold contention is that primary jurisdiction resides in the administrative agency (see *Tank Car Corp.* v. *El Terminal Co.* (1940) 308 U.S. 422, 433 [84 L.Ed. 361, 370 60 S.Ct. 325]) and prevents the trial court from exercising criminal jurisdiction unless and until there is an administrative ruling that defendant was ineligible for welfare aid. Both contentions incorrectly assume the existence in the record of proof of the administrative fair hearing proceedings. Both ignore the fact the trial court denied defendant's motion to admit evidence of those proceedings. ■■■ The decisive question therefore is not as framed by defendant; rather it is whether the trial court's *in limine* evidentiary ruling is insulated from appellate review by defendant's plea of nolo contendere. We hold that it is.

■■ Other than search and seizure issues specifically reviewable under section 1538.5, subdivision (m), all errors arising prior to entry of plea of guilty or nolo contendere are waived by the plea, except those based on

"reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; . . ." (Pen. Code, § 1237.5, subd. (a); Cal. Rules of Court, rule 31(d); *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872]; *People* v. *Padfield* (1982) 136 Cal.App.3d 218, 223-224 [185 Cal.Rptr. 903].) The reason for the rule is that either plea "admits all matters essential to the conviction." (*DeVaughn, supra,* at p. 895; *People* v. *La Jocies* (1981) 119 Cal.App.3d 947, 956 [174 Cal.Rptr. 100]; see also Pen. Code, § 1016, subd. 3.) Moreover, the issuance of a certificate of probable cause does not operate to enlarge the grounds on which an appeal may be taken. (*DeVaughn, supra,* at p. 896; *Kaanehe, supra,* at p. 9.) In sum, issues which merely go to the guilt or innocence of a defendant are "removed from consideration" by entry of the plea. (*People* v. *Pinon* (1979) 96 Cal.App.3d 904, 909-910 [158 Cal.Rptr. 425], quoting *DeVaughn, supra,* 18 Cal.3d at p. 895-896; *People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308]; *People* v. *Padfield, supra,* 136 Cal.App.3d at p. 227.) ■ Accordingly, matters waived by these pleas include the right to a speedy trial (*People* v. *Hayton* (1979) 95 Cal.App.3d 413, 416-419 [156 Cal.Rptr. 426]; *People* v. *Lee* (1980) 100 Cal.App.3d 715, 717-718 [161 Cal.Rptr. 162]; *People* v. *Draughon* (1980) 105 Cal.App.3d 471 [164 Cal.Rptr. 440]); fairness of a pretrial lineup (*People* v. *Stearns* (1973) 35 Cal.App.3d 304 [110 Cal.Rptr. 711]); constitutional defects in a prior conviction (*People* v. *La Jocies, supra,* 119 Cal.App.3d at pp. 956-957); admissibility of an extrajudicial statement (other than on grounds of unlawful search or seizure) (*DeVaughn, supra,* 18 Cal.3d at p. 896); the sufficiency of evidence before a grand jury (*People* v. *Meals* (1975) 49 Cal.App.3d 702, 706 [122 Cal.Rptr. 585]); failure to establish an element of the crime (*People* v. *Pinon, supra,* 96 Cal.App.3d at p. 910; *People* v. *Suite* (1980) 101 Cal.App.3d 680, 689 [161 Cal.Rptr. 825]); and the bar of the statute of limitations when the issue is a question of evidence rather than pleading. (*Padfield, supra,* 136 Cal.App.3d at pp. 226-227.) ■ "In short, a defendant 'cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 . . . .'" (*Padfield, supra,* at p. 227, quoting *People* v. *Brown* (1971) 18 Cal.App.3d 1052, 1055 [96 Cal.Rptr. 476].)

■ Defendant's *in limine* motion addressed a purely evidentiary question. Apart from issues cognizable under Penal Code section 1538.5, there is no established procedure for pretrial determination of questions of admissibility of evidence. Defendant therefore has no right unilaterally to seek such a ruling. If such a ruling nevertheless is secured it is provisional only and is not binding on either the judge or the parties. (*People* v. *Rawlings* (1974) 42 Cal.App.3d 952, 956 [117 Cal.Rptr. 651].)

*People* v. *DeVaughn, supra,* 18 Cal.3d 889, involved an appeal after plea of guilty. The trial court issued a certificate of probable cause purporting to preserve for review on appeal the denial of defendant's pretrial motion to suppress his confession as involuntarily made. The Supreme Court held appellate review of the ruling was waived by plea of guilty and could not be restored by a certificate of probable cause because the issue involved did not implicate " 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*DeVaughn, supra,* at 18 Cal.3d pp. 895-896.) As in *DeVaughn* defendant's challenge to the trial court's provisional ruling on an evidentiary question is foreclosed by her plea of nolo contendere and cannot be revived by a certificate of probable cause.[2]

### I., II.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The remaining contentions of defendant are dealt with in the unpublished part of this opinion (see Cal. Rules of Court, rule 976.1). Therein we order stricken from the order of probation a condition of probation and an order referring defendant to the county collections agency to determine her ability to pay probation costs. The probation condition does not conform to the standard laid down in *People* v. *Lent* (1975) 15 Cal.3d 481, at page 486 [124 Cal.Rptr. 905, 541 P.2d 545], and the referral constitutes an improper delegation of the court's authority under Penal Code section 1203.1b to determine ability to pay. The trial court is therefore directed to take such further proceedings as it deems appropriate under Penal Code section 1203.1b (see *People* v. *Wilson* (1982) 130 Cal.App.3d 264 [181 Cal.Rptr. 658]). The matter is remanded for proceedings consistent with this opinion.

As modified, the judgment (order of probation) is affirmed.

Regan, J., and Carr, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1984. Bird, C. J., was of the opinion that the petition should be granted.

---

[2]Unlike *DeVaughn* the issuance of a certificate of probable cause was not part of the consideration in exchange for which defendant entered her plea of nolo contendere. Therefore, the legality of the plea itself is not subject to attack in this appeal (cf. *DeVaughn, supra,* at p. 896).

*See footnote, *ante,* page 714.