[No. F005638. Fifth Dist. Sept. 26, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE ANGEL PEREZ, Defendant and Appellant.

**COUNSEL**

Richard K. Brewster, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Shirley A. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.***—After entry of a plea of nolo contendere, appellant was convicted of one count of possession of heroin (Health & Saf. Code, § 11350) and was sentenced to a middle term of two years in prison. Appellant's sole contention on appeal is that the trial court reversibly erred in failing to dismiss the case against appellant when appellant was not given a preliminary hearing within the 10-day period prescribed by Penal Code section 859b. We conclude that this issue is not cognizable on an appeal from a judgment of conviction entered upon a plea of nolo contendere and we thus affirm the judgment.

### FACTS

On January 24, 1985, appellant was arraigned in municipal court on a complaint charging him with one count of possession of heroin, two counts of receiving stolen property (Pen. Code, § 496), and a special allegation of having suffered a prior conviction within the meaning of Penal Code section 667.5. The preliminary hearing, originally set for February 6, 1985, was trailed to February 7. Over appellant's objection on February 7, the preliminary examination was continued to February 13 due to the unavailability of a prosecution witness. The only showing that the witness was unavailable for medical reasons consisted of the prosecutor's oral representations to the court. During this time appellant remained in custody on the complaint because of a parole hold.

On February 8, 1985, appellant filed in municipal court a motion to dismiss pursuant to Penal Code section 859b, contending that the preliminary hearing had been continued beyond the statutory 10-day period without a showing of good cause. The motion to dismiss was denied. Appellant then filed in superior court a petition for an alternative writ of mandate and/or prohibition. The superior court vacated the order granting the continuance and denying the motion to dismiss; it ordered the municipal court to consider further evidence and to exercise its discretion as to granting section 859b relief. Pursuant to the peremptory writ of mandate, the municipal court viewed written declarations from the prosecutor and the witness; it deter-

---

*Before Brown (G. A.), P. J., Hamlin, J., and Ritchey, J.†

†Assigned by the Chairperson of the Judicial Council.

mined that good cause had existed at the time the continuance of the preliminary hearing was originally ordered.

Appellant then entered his plea of nolo contendere in municipal court to the heroin possession count; the other charges were dismissed, and it was agreed that appellant would serve no more than two years in state prison, the time to run concurrently with a sentence for a parole violation.

Appellant filed a timely application for a certificate of probable cause on the grounds that his rights under Penal Code section 859b had been violated due to the continuance of the preliminary hearing. The superior court issued a certificate of probable cause.

## DISCUSSION

Appellant attacks the ruling of the superior court in the separate mandamus and prohibition proceeding in which the court declined to order dismissal of the criminal proceedings and directed the municipal court to exercise its discretion regarding the continuance and dismissal. Respondent counters that this issue is not cognizable on this appeal because appellant failed to appeal the superior court's ruling to the Court of Appeal[1] and failed to seek extraordinary relief after the municipal court subsequently declined to dismiss the case.

We conclude that the question of whether or not the municipal court should have dismissed the case pursuant to Penal Code section 859b is not cognizable on an appeal from a judgment entered pursuant to a plea of nolo contendere. Issues cognizable on appeal following a plea of guilty or nolo contendere are limited to issues based on reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings resulting in the plea. (Pen. Code, §§ 1016, 1237.5.) Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028].) Other than search and seizure issues which are specifically made reviewable by statute, all errors arising prior to entry of a guilty plea are waived except those which question the jurisdiction or legality of the proceedings. (*Ibid.*)

---

[1] We note that Code of Civil Procedure section 904.1, subdivision (a), precludes such an appeal.

A close analogy to Penal Code section 859b² is found in Penal Code section 1382, which mandates dismissal of an action when a defendant is not brought to trial in superior court within 60 days after the filing of an information. ■ It is established that the statutory speedy trial right does not go to the legality of the proceedings, and thus errors regarding its implementation are not cognizable on appeal from a judgment of conviction resting upon a guilty plea. (*People* v. *Draughon* (1980) 105 Cal.App.3d 471, 473-474 [164 Cal.Rptr. 440]; *People* v. *Hayton* (1979) 95 Cal.App.3d 413, 418 [156 Cal.Rptr. 426].)³ ■ The statutory rights embodied in section 859b are not grounds going to the legality of the proceedings within the meaning of Penal Code section 1237.5. The fact that appellant procured a certificate of probable cause does not change this result.

We note that a purported right to appeal this question was not part of the consideration for appellant's plea. At the time of sentencing, appellant's new counsel informed the court that appellant was considering moving to withdraw his plea. The court gave appellant time to think the matter over, noting that conviction without a negotiated sentence was likely to result in an upper term due to appellant's record and his parole violation. After a recess, appellant's counsel asked the court if it would be willing to sign a certificate of probable cause. Another defense attorney (from the public

---

²Penal Code section 859b provides in part as follows:

"Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later.

"Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur:

"(a) The defendant personally waives his or her right to preliminary examination within the 10 court days.

"(b) The prosecution establishes good cause for a continuance beyond the 10-court day period.

"If the preliminary examination is set or continued beyond the 10-court day period, the defendant shall be released pursuant to Section 1318 unless:

"(1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court day period.

"(2) The defendant is charged with a capital offense in a cause where the proof is evident and the presumption great.

"(3) A witness necessary for the preliminary examination is unavailable due to the actions of the defendant.

"(4) The illness of counsel.

"(5) The unexpected engagement of counsel in a jury trial.

"(6) Unforeseen conflicts of interest which require appointment of new counsel."

³We note that even errors regarding the constitutional right to a speedy trial have been held not to be cognizable on such an appeal because any analysis of prejudice undertaken in evaluating the violation is incompatible with a plea of guilty, which admits all elements of guilt. (*People* v. *Hayton, supra,* 95 Cal.App.3d 413, 418-419; *People* v. *Lee* (1980) 100 Cal.App.3d 715, 717 [161 Cal.Rptr. 162].)

defender's office) present in court recounted the circumstances of the case to the court and indicated uncertainty as to appellant's right to appeal if given a certificate of probable cause.[4] The court stated that under the circumstances it would be willing to sign the certificate of probable cause. The court proceeded to sentence appellant.

Appellant does not contend that this is a case in which a nolo contendere plea was entered or maintained in exchange for a purported right to appeal an issue which was not appealable. Rather, the record before this court shows that at the time of sentencing there was uncertainty as to whether or not the issue could be raised on appeal, and that sentencing proceeded because the court was willing to sign a certificate of probable cause.

Appellant's sole contention not being cognizable on this appeal, the judgment is affirmed.

---

[4]The following proceedings occurred:

"MR. ULLMAN [Deputy Public Defender]: I think there is a very legitimate issue; that being whether or not the parole hold precluded his right to a dismissal. [¶] Frankly, I am certain [sic] of his right to appeal on probable cause, but I think probably he can and will.

"THE COURT: Then I would be willing, under those circumstances, to—

"Ms. VOLLMER [Defense Counsel]: Your Honor, with that understanding, Mr. Perez would be willing.

"THE COURT: There is no legal cause why I shouldn't pass sentence?

"Ms. VOLLMER: No, your Honor.

"THE COURT: You waive formal arraignment on sentencing?

"Ms. VOLLMER: So waived."