Filed 11/9/22  P. v. Haywood CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RUFUS MAXIMILLION HAYWOOD,<br><br>        Defendant and Appellant. | A165856<br><br>(Tulare County<br>Super. Ct. No. PCF350701) |

In this domestic abuse case, defendant Rufus Maximillion Haywood argues that his conviction must be reversed and the case dismissed with prejudice because the trial court's denial of his Penal Code[1] section 1381 motion to dismiss violated his constitutional right to a speedy trial.  He also argues that an electronic device search condition of his probation is unconstitutionally overbroad.  Lastly, Haywood contends that the trial court violated his state and federal constitutional rights to due process when it imposed on him a court operations assessment fee and a criminal conviction assessment fee without first determining his ability to pay those assessments.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

We conclude that Haywood's claim of a speedy trial violation did not survive his guilty plea, and that his challenge to the assessments was forfeited by his failure to object in the trial court. We agree, however, that the electronic device search condition is unconstitutionally overbroad because it is not narrowly tailored to the government's legitimate interest in Haywood's reformation and rehabilitation. Accordingly, we will strike the electronic device search condition and remand the case to the trial court to consider whether the condition can be narrowed in a manner that will allow it to pass constitutional muster. In all other aspects, we affirm the judgment.

**BACKGROUND**

In March 2017, Haywood physically assaulted his wife on two separate occasions. On the latter occasion, Haywood's wife tried to run outside and call 9-1-1, but Haywood took her cell phone and prevented her from leaving the house before physically assaulting her.

In July 2018, the Tulare County District Attorney charged Haywood by information with two counts of injuring a spouse, cohabitant, boyfriend, girlfriend or child's parent after prior conviction (§ 273.5, subd. (f)(1)); one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)); one count of false imprisonment by violence (§ 236); and one count of interference with a wireless communication device (§ 591.5).

In December 2019, while serving a 16-month sentence in Ventura County jail for an unrelated crime, Haywood mailed a section 1381 demand to the Tulare County District Attorney, demanding that prosecution bring the matter to trial or sentencing within the statutory 90-day period.

Almost a year later, in November 2020, Haywood filed a motion to dismiss for the Tulare County District Attorney's failure to bring him to trial following his section 1381 demand. The trial court denied the motion, finding

2

good cause for the delay in bringing Haywood to trial due to his health issues and the COVID-19 pandemic.

In January 2021, Haywood pled no contest to all counts in the Tulare County matter in exchange for four years of probation and a suspended state prison sentence of six years and four months. The trial court imposed judgment the following month. Included in the terms and conditions of Haywood's probation was a condition that he submit to warrantless searches of any electronic device under his control at any time. The court also imposed a $200 court operations assessment fee and a $150 criminal conviction assessment fee.

Haywood timely appealed from the judgment.

## DISCUSSION

### I. *Right to Speedy Trial Violation Under Section 1381*

Section 1381 provides, in pertinent part: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and . . . has entered upon a term of imprisonment in a county jail for a period of more than 90 days or has been committed to and placed in a county jail for more than 90 days as a condition of probation . . . ," he must be brought to trial or for sentencing in a pending criminal proceeding within 90 days after he demands such action. (§ 1381.) This section is " 'supplementary to and a construction of' the state constitutional speedy trial guarantee." (*People v. Martinez* (2000) 22 Cal.4th 750, 766.)

Haywood contends the trial court violated his constitutional and statutory right to a speedy trial when it denied his motion to dismiss following the District Attorney's failure to comply with his section 1381 demand. We agree with the People that Haywood's claim of speedy trial violation did not survive the entry of his no contest plea.

3

The issues cognizable on appeal from a guilty or no contest plea are limited. (§ 1237.5; *People v. Hoffard* (1995) 10 Cal.4th 1170, 1177.) " '[A] plea of guilty admits all matters essential to the conviction.' " (*People v. Hayton* (1979) 95 Cal.App.3d 413, 416.) "For that reason, . . . issues going to the determination of guilt or innocence are not cognizable on appeal; review is instead limited to issues going to the jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea." (*People v. Hoffard, supra,* at p. 1178; see *People v. Turner* (1985) 171 Cal.App.3d 116, 125 ["A defendant thereafter can raise only those questions which go to the power of the state to try him despite his guilt"].)[2]

A defendant's speedy trial claim is an "issue going to guilt or innocence," and thus is not cognizable on appeal from a no contest plea. (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1359–1360.) "The essence of a defendant's speedy trial or due process claim in the usual case is that the passage of time has frustrated his ability to establish his innocence. The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined." (*People v. Hayton, supra*, 95 Cal.App.3d at p. 419, fn. omitted.) But a guilty plea moots a defendant's claim that the passage of time frustrated his power to establish innocence because it admits all matters essential to the conviction, and the defendant cannot establish prejudice. (*Ibid.*; *People v. Hernandez, supra*, 6 Cal.App.4th at p. 1359.)

---

[2] Although Haywood pled no contest to the charges against him, "the legal effect of a no contest plea to a crime punishable as a felony is 'the same as that of a plea of guilty *for all purposes*.' " (*People v. Miller* (2022) 78 Cal.App.5th 1051, 1058, italics in original.) Thus, a defendant's no contest plea admits to every element of the charged crime. (*Ibid.*; *Wilkinson v. Zelen* (2008) 167 Cal.App.4th 37, 46 [same for no contest pleas to misdemeanors].)

This is true even for statutory speedy trial claims. Although it is not necessary to demonstrate prejudice if a statutory speedy trial claim is pursued before a conviction is obtained, a defendant must establish prejudice if he waits to pursue appellate relief until after he has been convicted. (*People v. Martinez, supra,* 22 Cal.4th at p. 769.) "Prejudice becomes an issue for a statutory speedy trial claim only when the defendant waits until after the judgment to obtain appellate review. '[O]nce a defendant has been tried and convicted, the state Constitution in article VI, section 13, forbids reversal for nonprejudicial error,' and so on appeal from a judgment of conviction a defendant asserting a statutory speedy trial claim must show that the delay caused prejudice, even though the defendant would not be required to show prejudice on pretrial appellate review." (*Ibid.*) Because the appeal of a claimed statutory speedy trial violation requires a showing of prejudice and a plea of guilty or no contest forecloses the possibility of making such a showing, Haywood's statutory claim for a speedy trial violation does not survive his no contest plea. (See *People v. Egbert* (1997) 59 Cal.App.4th 503, 515 [defendant's section 1382 speedy trial violation claim did not survive guilty plea].)

Haywood argues for the first time in his reply that due to "extraordinary circumstances," his no contest plea does not preclude him from raising on appeal his claim of speedy trial violation. Specifically, he claims that he was prejudiced by the delay in bringing the matter to trial because it forced him to choose between needed medical attention and his right to trial. Even assuming that he has not forfeited this argument by failing to raise it in his opening brief (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685), it lacks merit. On the record before us, Haywood's motivation to accept the plea deal does not go "to the power of the state to try

5

him despite his guilt" (*People v. Turner*, supra, 171 Cal.App.3d at p. 125), and therefore does not present a cognizable issue on appeal from his no contest plea.

Accordingly, we are foreclosed from considering Haywood's statutory speedy trial claim by virtue of his plea bargain.[3]

## II.    *Electronic Device Search Condition*

The electronic device search condition of Haywood's probation requires him to "submit to a search of . . . any object under his/her control including any electronic device at any time day or night with or without a search warrant, with or without his/her consent by any Peace and/or Probation Officer."  Haywood contends the electronic device search condition is unconstitutionally overbroad in violation of his Fourth Amendment rights.

The People argue that Haywood forfeited his overbreadth claim by failing to raise it in the trial court because it is an "as-applied" challenge.  An as-applied challenge is forfeited unless previously raised.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.)  In contrast, the forfeiture rule does not extend to facial constitutional challenges presenting pure questions of law that can be resolved without referring to the sentencing record.  (*Id.* at pp. 888–889.) Haywood acknowledges that he did not object to the electronic device search condition, but contends that his overbreadth challenge is not forfeited on appeal because it is a facial challenge, and alternatively that we should reach the merits of his claim because his counsel's failure to object constituted ineffective assistance.

---

[3] We need not and do not address the People's contentions that Haywood's section 1381 demand was premature and that the trial court did not abuse its discretion in denying his motion to dismiss, or Haywood's argument that the 90-day statutory period expired before the COVID-19 pandemic began impacting the courts.

We conclude that Haywood has asserted both a facial challenge and an as-applied challenge to the electronic device search condition, and that his facial challenge lacks merit. However, we also conclude for the reasons set forth below that he has established ineffective assistance of counsel based on defense counsel's failure to object to the electronic device search condition, and that his as-applied challenge is meritorious.

## A. Haywood's Facial Challenge Lacks Merit.

While Haywood argues that the condition is unconstitutionally overbroad simply because it "allows for searches of vast amounts of personal information," this Division has rejected a similar facial challenge to a warrantless electronic device search condition of probation, concluding that it was not "per se" unconstitutional even though it may uncover "comparatively more private information than the search of a person, or a personal item . . . ." (*People v. Guzman* (2018) 23 Cal.App.5th 53, 65; see *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1173–1176 [upholding an electronic device search condition requiring the probationer to submit to warrantless searches of "any" electronic devices within his control or custody and to provide "all" passwords to social media sites].) Haywood also argues that the search condition is overbroad on its face because, by referring to electronic devices "under his control," it potentially allows the search of devices that belong to other people. Haywood cites no authority in support of his argument that the phrase "under his control" is unconstitutionally overbroad, and we cannot agree that any search condition is facially invalid unless it is limited to devices actually owned by the defendant. (See, e.g., *In re Malik J.* (2015) 240 Cal.App.4th 896, 902 [requiring modification "to restrict searches to those electronic devices found in [defendant's] custody and control"].) Limiting searches to devices that the defendant owns, even when other

7

devices are under the defendant's control, would create an expansive loophole, undermining the purpose of any search condition.

Relying on language in *In re Sheena K., supra*, 40 Cal.4th 875 that a facial challenge is one that presents "a pure question of law, easily remediable on appeal by modification of the condition" (*id.* at p. 888), Haywood also argues that he did not use any electronic device in committing the crimes of which he was convicted, and therefore that the electronic search condition should simply be stricken rather than remanded to the trial court for narrow tailoring. While the focus on the facts of his crimes is more characteristic of an as-applied challenge (see, e.g., *People v. Guzman, supra*, 23 Cal.App.5th at p. 63, fn. 3), in any event we disagree with the premise; Haywood took his wife's cell phone to prevent her from reporting the crime and he was convicted, among other things, of interference with a wireless communication device. As a result, it is not possible to conclude that *no* probation condition related to electronic devices could be warranted based on Haywood's conviction. Haywood's facial challenges therefore fail.

## B. Haywood Has Demonstrated Ineffective Assistance of Counsel.

Anticipating that we would find forfeited his as-applied challenge to the electronic device search condition, Haywood argues that his counsel's failure to object to the condition violated his Sixth Amendment right to effective assistance of counsel. We agree.

To establish a claim for ineffective assistance of counsel, Haywood must demonstrate that "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

8

In this case, the record does not reveal the reason for defense counsel's failure to object to the electronic device search condition, and she was not asked for an explanation. Nonetheless, there is no satisfactory explanation for her failure to object under the circumstances here. We cannot say on the record before us that objecting risked compromising the plea agreement or would have been futile. The trial court readily agreed to probation, and as discussed below, such a broad electronic device search condition does not serve the purposes of probation in this case. An objection to the condition would have been clearly meritorious. The record also forecloses the possibility that counsel did not challenge the electronic device search condition to have a better chance of convincing the court to modify other probation conditions. The only probation condition she objected to—that Haywood perform community service—was a mandatory condition of probation under section 1203.97, subdivision (a)(8), that the trial court lacked discretion to modify. In sum, the failure to object served no tactical purpose, and Haywood has therefore established ineffective assistance of counsel. We turn to the merits of his overbreadth challenges.

## C. The Electronic Device Search Condition Is Unconstitutionally Overbroad.

In his as-applied challenge, Haywood argues that the electronic search condition is not narrowly tailored. "A [probation condition] is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.]" (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate

9

purpose of the restriction and the burden it imposes on the defendant's constitutional rights . . . ." (*Ibid.*)

Reviewing Haywood's as-applied constitutional challenge de novo (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143), the electronic device search condition undoubtedly impinges on his constitutional rights. (See *People v. Appleton* (2016) 245 Cal.App.4th 717, 724 (*Appleton*).) The United States Supreme Court has extended Fourth Amendment protections to searches of cell phones, finding that cell phones "implicate privacy concerns far beyond those implicated by the search" of other physical items, like a wallet or purse. (*Riley v. California* (2014) 573 U.S. 373, 393–396, 403.) "Much of the reasoning in *Riley*—which recognized how the immense storage capacity of modern cell phones allows users to carry large volumes of data—would apply to other modern electronic devices covered by the probation condition at issue here." (*Appleton*, at p. 724.)

The People argue that the electronic device search condition does not infringe on Haywood's constitutional rights because he waived his Fourth Amendment rights by accepting the search condition as part of his probation. However, "[i]rrespective of whether a defendant accepts or declines the terms of probation, he or she may, on appeal following an objection in the trial court, challenge a condition as unreasonable or unconstitutional." (*People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 5.) While there was no objection here, we have concluded above that the failure to object constituted ineffective assistance, and therefore reach the merits of the claim on that basis.

The question then is whether the electronic device search condition is constitutionally permissible because it is tailored carefully and reasonably related to the state's legitimate interest in Haywood's rehabilitation. We think not.

*In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*) is instructive here. Although *Ricardo P.* concerned a challenge to a probation condition under *People v. Lent* (1975) 15 Cal.3d 481, the proportionality test it enunciated incorporates the same considerations included in a constitutional overbreadth analysis. (*Ricardo P., supra*, 7 Cal.5th at pp. 1127–1128 [finding that both the *Lent* test and a constitutional overbreadth analysis "require a court to assess the relative burdens and benefits of probation conditions"].)[4] In striking an electronic search condition, the court held that there must be a connection between the probation condition and the probationer's criminal conduct or personal history and a "degree of proportionality" between the burden imposed by the condition and the legitimate interests it serves. (*Id.* at p. 1122.) Because the electronic search condition imposed "substantial burdens" on the defendant's privacy, as it provided probation officers unfettered access to "not only his social media accounts but also to the contents of his e-mails, text messages, and search histories, all photographs and videos stored on his devices, as well as any other data accessible using electronic devices," the court held that it required "a correspondingly substantial and particularized justification." (*Id.* at pp. 1123, 1126.) The court concluded that the electronic search condition did not satisfy the proportionality test because there was no indication in the record that the minor ever used electronic devices to commit his crimes or to engage in other criminal activity. (*Id.* at p. 1119.)

*Ricardo P.* cited *Appleton, supra*, 245 Cal.App.4th 717, a constitutional overbreadth case, with approval. There, the court held that a probation

---

[4] The People point out that Haywood has not raised a proportionality claim under *Ricardo P.* However, because of the overlap in standards, we think it is appropriate to consider the California Supreme Court's analysis in that case.

condition authorizing warrantless searches of the defendant's electronic devices was constitutionally overbroad because the state's legitimate interest in monitoring whether the defendant used social media to contact minors for unlawful purposes "could be served through narrower means." (*Appleton*, *supra*, 245 Cal.App.4th at p. 727.) The defendant had met his minor victim through social media, but the court reasoned that the probation condition would "allow for searches of vast amounts of personal information unrelated to defendant's criminal conduct or his potential for future criminality." (*Ibid.*) As a result, the court struck the condition and remanded to the trial court for it to consider fashioning a more narrowly tailored probation condition. (*Ibid.*)

*People v. Prowell* (2020) 48 Cal.App.5th 1094 is similar. The court concluded that a probation condition limited to warrantless searches of "communication" devices was overbroad because "[t]he state's interests in preventing communication with and harassment of the victim, and fostering defendant's rehabilitation, could be served through narrower means" by modifying the condition to limit authorization of searches to devices, accounts, and applications that were "reasonably likely to reveal" whether the defendant had engaged in communication with the victim or had otherwise violated the terms of his probation. (*Id.* at p. 1102.)

Likewise, here, the electronic device search condition is not narrowly tailored to the state's interests in rehabilitating Haywood. As currently worded, the electronic device search condition imposes a substantial burden on Haywood's privacy because it places no limit on the type of data subject to search and "could potentially expose a large volume of documents or data, much of which may have nothing to do with illegal activity. These could include, for example, medical records, financial records" (*Appleton, supra*,

12

245 Cal.App.4th at p. 725), and the user's internet search and browsing history (*Riley v. California, supra*, 573 U.S. at pp. 395–396). The record demonstrates little likelihood that evidence of illegal activity will be found in those categories of information. The evidence here showed that Haywood took his wife's cell phone when she was attempting to report his domestic violence, but not that he affirmatively used an electronic device in the commission of his crimes. Thus, the state's interest in monitoring Haywood's rehabilitation could be served through "narrower means." (*Appleton*, at p. 727.)

Since the electronic device search condition is not narrowly tailored to its purpose of furthering Haywood's rehabilitation, it must be modified to limit authorization of searches to information reasonably likely to reveal whether a communication device in Haywood's control belongs to his wife.

### III. Dueñas *and Inability to Pay Determination*

The final issue Haywood raises on appeal is that the trial court violated his state and federal constitutional rights to due process by imposing a $200 court operations assessment fee and a $150 criminal conviction assessment fee without holding an ability to pay hearing or making an "on-the-record" determination of his ability to pay the fees, and he asks us to strike the fees.

Haywood's argument relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157. "In a nutshell, *Dueñas, supra*, 30 Cal.App.5th at pages 1168–1169, held that a sentencing court violated the due process rights of a defendant who committed her acts out of poverty when it imposed certain mandatory fees and fines that lack a statutory exception without first making a finding the unemployed defendant (who suffered from cerebral palsy) had the ability to pay while she was on probation." (*People v. Oliver* (2020) 54 Cal.App.5th 1084, 1100.)

13

We conclude that Haywood has forfeited his *Dueñas* claim, and that his claim for ineffective assistance of counsel on this issue lacks merit.

## A.    Haywood Has Forfeited His *Dueñas* Claim.

The People contend that Haywood has forfeited his challenge to the assessments by failing to raise it in the trial court. Haywood admits he did not object to the trial court's imposition of the assessments, but he nonetheless contends he did not forfeit his *Dueñas* claim because it raises a pure question of law and implicates his "fundamental" constitutional rights.

" 'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' " (*People v. McCullough* (2013) 56 Cal.4th 589, 593 (*McCullough*).) " ' "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." ' " (*Ibid.*) Moreover, " '[i]t is both unfair and inefficient to permit a claim for error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*Ibid.*)

Applying the forfeiture doctrine, the California Supreme Court has held that the failure to object to the imposition of fines and fees in the trial court based on a purported inability to pay forfeits the issue on appeal. (*People v. Trujillo* (2015) 60 Cal.4th 850, 854, 856 [defendant forfeited challenge to imposition of booking fee for failing to object in the trial court]; *McCullough, supra*, 56 Cal.4th at p. 597 [same].)

After *Dueñas* was decided, several courts, including this Division in *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952 (*Cowan*), reiterated the requirement that a defendant challenge the imposition of fees in the trial court on grounds of inability to pay to preserve

14

the issue on appeal. (*Cowan*, at p. 49 [collecting cases]; *People v. Kopp* (2019) 38 Cal.App.5th 47, 96.) Absent a "proper objection" from the defendant, the trial court is not required to make an ability to pay record. (*Cowan*, at p. 34 ["On the ability-to-pay issue, we hold that, *upon proper objection*, a sentencing court must allow a defendant facing imposition of a minimum restitution fine or court operations and court facilities assessments an opportunity to present evidence and argument why these financial exactions exceed his ability to pay," italics added]; *People v. Kopp, supra,* at p. 95 [agreeing with *Dueñas* to the extent it holds that "due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments . . . *if the defendant requests such a hearing*," italics added]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 ["Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed"].)

Sentencing in this case took place more than two years after *Dueñas* was decided, and almost a year after *Cowan* was decided. At the sentencing hearing, the court ordered Haywood to pay a $200 court operations assessment fee and a $150 criminal conviction assessment fee, and then found that he did not have the ability to pay the probation report preparation fee and attorney's fees. At no point did defense counsel object to the imposition of the two assessments or request an ability-to-pay hearing. Haywood has forfeited the opportunity to challenge the assessments imposed by the trial court.

Citing *People v. Vera* (1997) 15 Cal.4th 269, Haywood argues that his *Dueñas* claim is not prohibited because a defendant can raise for the first

15

time on appeal a claim asserting the deprivation of "certain fundamental, constitutional rights." But this "narrow class" of fundamental rights–the right to jury trial and the right not to be placed in jeopardy twice (*id.* at p. 276)–is not implicated here. (*People v. Tully* (2012) 54 Cal.4th 952, 980, fn. 9.)

Haywood's contention that his *Dueñas* claim raises a pure question of law similarly lacks merit. The issue of whether a defendant has an ability to pay fees and fines is essentially a factual question. (*McCullough, supra*, 56 Cal.4th at p. 597.) Thus, the requirement that a defendant object to fees in the trial court based on a purported inability to pay to preserve the issue on appeal "advance[s] the [forfeiture] goals of proper development of the record and judicial economy." (*Id.* at p. 599.)

## B. Haywood's Ineffective Assistance of Counsel Claim Lacks Merit.

There is no merit to Haywood's alternative ineffective assistance argument based on defense counsel's failure to object. The record is silent regarding why counsel did not object to the two assessments, and we cannot say on this record that counsel had no conceivable tactical purpose for her inaction. While Haywood was indigent at the time of sentencing, the court could have considered his future ability to pay. (*Cowan, supra*, 47 Cal.App.5th at p. 49.) Haywood was only 51, and his crimes suggest he was able-bodied. At the sentencing hearing, he was in a wheelchair, but he represented to the court that he would be receiving back surgery, so it is not clear from the record that his medical issues would preclude his future ability to pay. Moreover, Haywood sought probation and indicated that he could comply with its terms, including obtaining and maintaining employment. It is conceivable that counsel concluded that an objection asserting future inability to pay would have implicitly rested on an argument that Haywood

16

would fail to maintain employment, and that such an objection would be detrimental to his chances of being granted probation. As the record does not affirmatively exclude a rational basis for counsel's omission, Haywood fails to establish ineffective assistance of counsel.

## DISPOSITION

The judgment is modified to strike the electronic device search condition. The trial court is directed to issue an amended probation order striking the electronic device search condition. As modified, the judgment is affirmed. Because the trial court may be able to impose a valid electronic device search condition more narrowly tailored to the state's interests, the case is remanded to the trial court for further proceedings consistent with this opinion.

GOLDMAN, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

17